**JOSEY–MILLER COMPANY, Inc.,**
Appellant,

v.

**L. E. SHEPPARD, Appellee.**

No. 6540.

Court of Civil Appeals of Texas.

Beaumont.

April 5, 1962.

Rehearing Denied May 16, 1962.

Marcus & Weller, Beaumont, for appellant.

Stephenson & Stephenson, Orange, for appellee.

STEPHENSON, Justice.

This is an appeal from an order of the trial court overruling defendant's plea of privilege. Plaintiff's cause of action is one for damages arising out of a collision between plaintiff's automobile and defendant's truck. The collision occurred in Orange County where this suit was brought. The sole question raised is whether the driver of defendant's truck was acting in the scope of his employment for defendant at the time of the collision. It is the contention of the defendant that the evidence shows, as a matter of law, that the driver

had departed from his duties as defendant's employee and was on a personal mission at the time of the collision. The parties will be designated here as they were in the trial court.

There were no findings of fact filed in this cause. The rules of law which this court must follow are clear, under this circumstance.

"The trial court having overruled appellant's plea of privilege, in the absence of findings of fact, we must presume that all fact issues which the pleadings and evidence will support, were resolved in favor of the judgment rendered. York v. Wells, Tex.Civ. App., 299 S.W.2d 716."

"On appeal from an order overruling a plea of privilege every reasonable intendment must be resolved in favor of the trial court's judgment." James v. Drye, 159 Tex. 321, 320 S.W.2d 319.

"In seeking to determine whether there is any evidence to support the judgment and the implied findings of fact incident thereto 'it is proper to consider only that evidence most favorable to the issue and to disregard entirely that which is opposed to it or contradictory in its nature.'" Renfro Drug Company v. Lewis, 149 Tex. 507, 235 S.W.2d 609, 613.

The evidence shows that the driver was a regular employee of the defendant whose business was located in Beaumont, Texas. On the day of this collision the driver was paid for a full days work. He went to work at 7:00 A.M. and was off from work at 4:30 P.M. The collision occurred between 1:30 and 2:00 P.M. The driver was operating one of defendant's trucks and made a delivery of feed from Beaumont to Bridge City, which is in Orange County. Part of the load of feed was to be returned to Beaumont, and several sacks of feed were still on the truck at the time of the collision. The driver of the truck testified that he decided to buy some meat for his own personal use, and instead of returning to Beaumont, the way he had come, he took a different route. The collision occurred before he had arrived at the place he intended to buy the meat. The evidence also shows the route he was taking was 5.4 miles further back to Beaumont than the route he had taken first in making his feed delivery. On the other hand, the evidence also shows the following: the route first taken to deliver the feed was under construction at the time, drove slow, and was rough; that the second route taken at the time of the collision was better traveling, was safer, and would not require more time; the defendant's driver testified he was taking the truck back to Beaumont at the time of the accident.

If there had been only one route to Beaumont, and the driver of the truck, in returning the truck to the defendant's place of business, had intended to stop on this route and buy some meat for his own use, under the rule of law set out in Southwest Dairy Products Co., Inc. v. DeFrates, 132 Tex. 556, 125 S.W.2d 282, 122 A.L.R. 854, this would have been a mingling of the personal purpose of the driver and the defendant's business. While there is a mingling of the master's business with the servant's business, the relation of master and servant is not suspended, and the master is still responsible for the acts of his servant. The fact that there were several routes back to Beaumont, and the one chosen by the driver was not the shortest, does not mean there was a complete departure or turning aside from defendant's business. There were the other factors to be considered involving the discretion of the driver. The fact remains, the driver was still taking a route back to Beaumont, and was still returning the truck to his employer's place of business; and considering the evidence most favorable to the judgment, was still engaged in the scope of his employment, even though he intended to accomplish a mission of his own at the same time.

The judgment is affirmed.