The **FIRESTONE TIRE AND RUBBER COMPANY, Appellant,**

v.

**David Phillip BLACKSHER, by his Father, Earl B. Blacksher, and as his next friend, et al., Appellees.**

**No. 6211.**

Court of Civil Appeals of Texas, El Paso.

Jan. 26, 1972.

Peticolas, Luscombe, Stephens & Windle, W. C. Peticolas, El Paso, for appellant.

Mike Thompson, El Paso, for appellees.

OPINION

RAMSEY, Chief Justice.

This is a damage suit. David Phillip Blacksher, by his father, Earl B. Blacksher, and John Alexander Leeah by his father, Joseph L. Leeah, Plaintiffs-Appellees, filed suit against Dennis Shea Robertson and Firestone Tire and Rubber Company, Defendants, for injuries resulting from an intersection collision. Default judgment was entered as to Robertson. The trial as to the Defendant, Firestone Tire and Rubber Company was to a jury resulting in a verdict for the Plaintiffs in the aggregate sum of $3,475.00. Only Firestone has appealed. We reverse and render.

The jury, in answer to the special issues submitted, found that:

(1) Robertson failed to stop before entering the intersection which was negligence and proximate cause;

(2) Robertson was acting within the scope and course of his employment;

(3) Robertson was driving the vehicle with permission, either express or implied, of his superior;

(4) Robertson was intoxicated and unable to operate the vehicle safely which his superior knew, or in the exercise of ordinary care, should have known; and,

(5) That the action of his supervisor in permitting Robertson to drive was negligence and that in granting such permission, the superior was acting within his scope and course of employment.

Dennis Shea Robertson was service manager of one of Defendant's stores. R. G. Reilly was his immediate superior and general manager. This store had one pick-up truck which Robertson used regularly at the store for business purposes. The employees of one Firestone Store had a contest with another Firestone Store regarding sales. The loser had to furnish the beer for a party, and the winner would supply the ice and potato chips. Reilly and Robertson left the store after work in the pick-up and stopped to get ice and potato chips since their store had won. They proceeded to Reilly's house for the party. The employees, and not Firestone, paid for the party. The beer was consumed rather freely and Robertson's condition was described as "pretty intoxicated". The party started at 6:00 o'clock, P.M. Robertson and Reilly were playing poker at the same table. About 2:30 A.M., Robertson left the party and drove off in the pick-up. He intended to take the truck back to the store where his car had been left but deviated from the most direct route in order to relieve himself. Instead of going the most direct route, he traveled in the opposite direction and in order to arrive at the De-

fendant's store would have required a circuitous route considerably farther than necessary. The collision occurred at an intersection while Robertson was on the deviated course.

Plaintiff's cause of action was tried on two theories, one being that the collision was a result of Robertson's negligence while in the course and scope of his employment and the other being on the theory of negligent entrustment. During the pendency of this appeal, the Supreme Court rendered its decision in Robertson Tank Lines, Inc., v. Johnnie Van Cleave, et al., 468 S.W.2d 354 (Tex.Sup.Ct.1971). That decision disposes of Plaintiff's first theory as a matter of law, that Robertson was not acting in the course and scope of his employment.

The basic elements to sustain a recovery on the theory of negligent entrustment are set forth in Mundy, et al. v. Pirie-Slaughter Motor Co., 146 Tex. 314, 206 S.W.2d 587 (1947). Defendant admits that Plaintiff has proved all elements except one, that being, whether or not Robertson had permission to drive the truck on the occasion in question.

▉▉▉ Permission may be expressed or implied. Allstate Insurance Co. v. Truman Smith, et al., 471 S.W.2d 620 (Tex.Civ. App., n. w. h.); Royal Indemnity Company v. H. E. Abbott & Sons, Inc., 399 S.W.2d 343 (Tex.Sup.Ct.1966); Russell Construction Company v. Ponder, 143 Tex. 412, 186 S.W.2d 233 (1945). A fundamental prerequisite for imposing liability under the doctrine of negligent entrustment is the negligence of the owner in entrusting the vehicle to an incompetent or reckless driver who the owner knows, or should have known, to be incompetent or reckless at the time of the entrustment. Vaughn v. Watkins, 344 S.W.2d 902 (Tex.Civ.App. n. r. e.); Russell Construction Company v. Ponder, (supra); 20 SWLJ 202 "The Doctrine of Negligent Entrustment in Texas".

At the time of the collision, Robertson had been employed by the Defendant for approximately fourteen (14) months and had been promoted to service manager. The truck was used regularly in the business. There were two sets of keys, one set which Reilly kept. The other set Reilly said were kept in the cash register. Robertson testified that he had a set of keys that were given to him after he was made service manager and he imagined that they were given him by the manager. Robertson testified that his car was broken down for two or three months, and during that time, he used the truck just about all the time going to and from his home to work. Reilly had given him permission to do so. Reilly testified that on occasions, he and Robertson, while in the truck, had stopped to have a beer but that he had never given Robertson permission to drive the truck when he was drunk.

As to permission to drive the truck on this particular occasion, Reilly denied that he gave Robertson permission to drive it. He testified that he did not know that Robertson had taken the truck until the next day. Reilly further stated that he would not have given his permission if it had been requested due to the intoxicated condition of Robertson. Robertson testified that he was sure that he did not ask Reilly for permission to take the truck. Robertson left the party with another employee, and Reilly testified that he thought Robertson was going with the other employee and Robertson testified that Reilly probably thought so. No conversation was had between Reilly and Robertson as to how he would get back to the store to get his car, but Robertson stated:

> "As I was leaving I saw the pick-up and decided that I would take it rather than bother Chavez (the other employee) by asking him to take me by the store."

▉▉▉ The only incompetence in Plaintiff's pleadings is related to the intoxicated condition of Robertson and this is the only matter submitted for the jury's consideration. The fact that the driver may have been entrusted with the vehicle on numer-

ous prior occasions when sober should not be evidence that the manager would likewise entrust it to him when he is obviously intoxicated. It was Robertson's condition at that time which rendered him incompetent, and any negligence would have to arise from entrusting the vehicle to him while in that condition. Vaughn v. Watkins, supra, Russell Construction Company v. Ponder, supra; 20 SWLJ 202 (supra).

For the foregoing reasons, we hold, as a matter of law, that no permission, either expressed or implied, was shown by the testimony at the time which would substantiate negligent entrustment on the occasion in question. The judgment of the trial court is therefore reversed and judgment here rendered that appellees take nothing.