**Alvin Daniel HEIN, Appellant,**

v.

**HARRIS COUNTY, Texas, Appellee.**

**No. 16925.**

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Oct. 13, 1977.

Rehearing Denied Nov. 10, 1977.

Kronzer, Abraham & Watkins, M. Dale Friend, James E. (Jed) Robinson, Houston, for appellant.

Joe Resweber, County Atty., Anthony D. Sheppard, Asst. County Atty., Houston, for appellee.

COLEMAN, Chief Justice.

This is an action for damages for personal injuries brought under the Texas Tort Claims Act, Tex.Rev.Civ.Stat.Ann. art. 6252–19. When the plaintiff rested the trial court withdrew the case from the jury and entered a judgment for the defendant. The question to be determined is whether the plaintiff plead, and produced evidence to support, a cause of action arising under the Texas Tort Claims Act. The judgment is affirmed.

The plaintiff was employed by Harris County in the Sign Shop. The Sign Shop had the responsibility of repairing, maintaining and installing all types of street, highway and traffic control signs. On the day of his accident and the day before, plaintiff was working with Marvin Carlton, another county employee. They were installing delineator signs in a rural area of Harris County. On the day prior to the accident, plaintiff and Carlton had encountered numerous snakes in the area. Carlton obtained a pistol and took it to the job site the day of the accident. During the morning's work Carlton shot and killed several snakes. After they had finished their work, they went to a house in the area which belonged to a friend of Carlton's for the purpose of calling back to the camp to receive further instructions as was customary.

After calling the camp they discussed snakes they had killed with Carlton's friend. As they were preparing to leave to return to camp, the plaintiff went to the back of the pickup truck to straighten out some tools. Carlton went to the truck and obtained the pistol to show it to his friend. While he was attempting to remove the clip, he banged the gun on the palm of his hand several times. The pistol accidentally discharged and the bullet struck the plaintiff in the right temple, penetrating completely through the eye socket and destroying the eyeball.

The plaintiff alleges four alternative grounds of negligence which proximately caused his injury: (1) the negligence of the employee Carlton resulting in the accidental discharging of the weapon; (2) the negligence of supervisory personnel of the county in failing to provide their employees with adequate equipment to protect themselves against snakes or other dangerous animals or conditions; (3) the negligence of the county supervisory personnel in failing to properly instruct their employees in the methods of self protection; and (4) the negligence of the county supervisory personnel in failing to adequately supervise their employees in the performance of their duties. Evidence was introduced to support each of these grounds of alleged negligence.

The plaintiff contends that allegations in his petition, and the evidence offered in support thereof, bring the case within the rationale of *Lowe v. Texas Tech University*, 540 S.W.2d 297 (Tex.1976). In order to maintain his suit against the defense of governmental immunity it was necessary for the plaintiff to allege and prove a cause of action within Section 3 of the Texas Tort Claims Act. In *Lowe*, the Supreme Court paraphrased that portion of Section 3 pertinent as follows:

"Each unit of government in the state shall be liable for money damages for death or personal injuries so caused (i.e., when proximately caused by the negligence or wrongful act or omission of any officer or employee acting within the scope of his employment or office) from some condition or some use of tangible property under circumstances where there would be private liability."

The Supreme Court then held that the waiver of immunity is invoked by allegations that Texas Tech through its authorized personnel was negligent in affirmatively furnishing equipment, uniforms and pads which were defective. The court also held that the plaintiff's allegations of a negligent failure to furnish them proper protective items of personal property, *to be used as a part of the uniform furnished him*, brings his case within the statute of waiver of immunity arising from some condition or some use of personal property. In a concurring opinion in which Justices McGee and Doughty joined, Chief Justice Greenhill called attention to the difficulty inherent in attempting to interpret and apply the language of Section 3 of the Tort Claims Act. He concluded that the Legislature did not intend a broad general waiver of governmental immunity but rather a limited waiver of immunity confined to cases involving an injury proximately caused by some condition or use of property which is owned or furnished by the State. He stated:

"The statutory language "condition or use" of property implies that such proper-

ty was furnished, was in bad or defective condition or was wrongly used."

He further stated that carried to its logical conclusion, the majority opinion might be construed to find a waiver of immunity because the injury grew out of the nonuse of a nondefective knee brace which was furnished; i.e., some condition or use [nonuse] of personal property. As we read the opinion both the majority and the concurring justices construed the words "from some condition or some use of tangible property" found in Section 3 to contemplate at a minimum that the personal property involved be furnished by the governmental agency. In *Lowe* a uniform was furnished, but it failed to include proper protective equipment.

The court in *Lowe* cited *McGuire v. Overton Memorial Hospital*, 514 S.W.2d 79 (Tex. Civ.App.—Tyler), writ ref'd n.r.e. by per curiam, 518 S.W.2d 528 (Tex.1975); *Mokry v. University of Texas Health Science Center at Dallas*, 529 S.W.2d 802 (Tex.Civ.App. —Dallas 1975, writ ref'd n.r.e.). In *McGuire* the court held that the allegation that the hospital was negligent in providing a bed without bedrails stated a cause of action within the Texas Tort Claims Act and in *Mokry* the court found no error in the decision of the Court of Civil Appeals holding that allegations that the Health Science Center was negligent in failing to provide for use certain items of laboratory equipment, together with the failure to properly use the facilities that were employed, stated a cause of action arising from some condition or use of tangible property.

■ The first question that arises is whether the injuries to the plaintiff were caused by the negligence of an employee acting within the scope of his employment. The evidence establishes that Carlton's negligent conduct occurred at a time when he was merely showing the pistol to a friend. He had completed the business which brought him to his friend's house and had delayed his departure for that purpose. The rule is that when a servant turns aside, no matter how short the time, from the prosecution of the master's work to engage in an affair wholly his own, he ceases to act for the master, and the responsibility for his actions in pursuing his own business or pleasure is upon him alone. *Texas & P. Ry. Co. v. Hagenloh*, 151 Tex. 191, 247 S.W.2d 236 (1952). The action of Carlton in attempting to remove the clip from the pistol for the purpose of showing it to a friend was something wholly disconnected from his employment and not for the benefit of his employer. When he turned aside from the prosecution of his duties for the county, although for only a short time, he ceased to act for the county and the responsibility of any act done by him during that time rested upon him alone. *Robert R. Walker, Inc. v. Burgdorf*, 150 Tex. 603, 244 S.W.2d 506 (1951); *Rodgers v. Tobias*, 225 S.W. 804 (Tex.Civ.App.—Galveston 1920, writ ref'd); *Bradford v. Fort Worth Transit Company*, 450 S.W. 919 (Tex.Civ.App.—Fort Worth 1970, writ ref'd n.r.e.); *Mitchell v. Ellis*, 374 S.W.2d 333 (Tex.Civ.App.—Fort Worth 1963, writ ref'd).

At the time Carlton negligently caused injury to the plaintiff he was not acting within the scope of his employment with Harris County. The plaintiff has failed to prove the facts required to establish a waiver of governmental immunity by reason of Section 3 of the Texas Tort Claims Act.

The plaintiff presents points of error asserting that there was sufficient evidence to require submission of issues to the jury inquiring as to whether the negligence of county supervisory employees, (1) in failing to provide adequate protective equipment, (2) in failing to adequately instruct their employees in methods of dealing with dangerous animals, particularly snakes, or (3) in failing to adequately supervise their employees in performance of their duties, were proximate causes of the injuries to the plaintiff. It is plaintiff's contention that a reasonable person in the position of Harris County exercising ordinary care, would have foreseen that each of these failures might have resulted in an event similar to

the one which occurred. He also argues that negligent conduct is a cause in fact if it is a substantial factor in bringing about harm. He argues that it is at least a reasonable inference that had the county provided protective equipment, or had it adequately instructed its employees in methods of dealing with dangerous snakes, or had it adequately supervised the employees in the performance of their duties, the employee would not have brought a gun to the job site.

We conclude that these allegations of negligence on the part of supervisory employees do not constitute allegations of negligence arising from some condition or use of tangible property. *Gonzales v. Lubbock State School*, 487 S.W.2d 815 (Tex.Civ. App.—Amarillo 1972, no writ). We do not think that the Legislature intended that there be a waiver of governmental immunity in all cases where some item of personal property is either used or not used. The injury must be proximately caused either by the negligence of an employee acting within the scope of his employment in that employee's use of tangible property, or under circumstances where an employee or agent furnished tangible property the use of which caused the personal injury. *Lowe v. Texas Tech University, supra.* There is no evidence that the supervisory employees were negligent in using the pistol or were negligent in furnishing the pistol to an employee. The fact that the supervisory employees were negligent in creating or permitting the existence of conditions which might have influenced Carlton in securing a pistol for his protection did not establish that the supervisory employees had a sufficient relationship to the condition or use of the pistol as to bring the action within the exemption provided by Section 3 of the Texas Tort Claims Act. To infer that but for the negligence of the supervisors plaintiff would not have been shot would be pure speculation. *Texas & Pacific Railway Co. v. McCleery*, 418 S.W.2d 494 (Tex.1967).

The judgment is affirmed.