**Karl VIKING, Appellant,**

v.

**CIRCLE K CONVENIENCE STORES, INC., Appellee.**

No. 01–87–00286–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 5, 1987.

Rehearing Denied Dec. 10, 1987.

James Boanerges, Houston, for appellant.

Jay D. Hirsch, Hirsch, Glover, Robinson & Sheiness, Houston, for appellee.

Before HOYT, JACK SMITH and LEVY, JJ.

## OPINION

HOYT, Justice.

The appellant, Karl Viking, was shot in the leg by an employee of Circle K, and brought suit for damages, alleging that Circle K was liable for the actions of that employee. The trial court granted Circle K's motion for summary judgment against the appellant.

In two points of error, the appellant alleges that the trial court erred in granting summary judgment because there are genuine issues of material fact concerning Circle K's liability for its employee's conduct, and that Circle K did not meet its burden of negating the existence of these fact issues. More particularly, Viking asserts that the employee was acting in the course and scope of his employment: (a) when the dispute between the employee and Viking arose because the employee had been directed by management to park his car in a particular location, and (b) in clearing the "winos" from the premises.

The summary judgment evidence showed that Mr. Vinh Tran was employed as a manager at a Circle K store. On the occasion in question, Tran had parked his car off the street in such a manner that it blocked the sidewalk, requiring pedestrians to walk around it on the street. The appellant and another man came into the store shortly after noon and told Tran to move his car, so that they would not have to walk in the street. Tran had called the police earlier in the day concerning an altercation with the appellant's companion, and the police had "run them off." Tran testified in his deposition that the companion was one of the "winos" who always hung around the store, getting drunk, and asking customers for money. He testified that the appellant did not come into the store to buy anything but rather came in to see him personally about his car, and that the appellant was looking for trouble.

The appellee cites Tran's deposition testimony that after the appellant left the store, a customer told Tran that the appellant had scratched the paint on Tran's car. Tran left the store unattended to look at his car, got a pistol from the trunk of the car, walked into the street, and fired the gun twice at the appellant, who was about a half block away. One shot hit the appel-

lant in the leg.[1]

■ An employer is not liable for actions that an employee takes in his own interests and not to further the purpose of carrying out the master's business. *Smith v. M System Food Stores*, 156 Tex. 484, 297 S.W.2d 112 (1957). It is not within the scope of a servant's authority to commit an assault, which is generally an expression of personal animosity. *Texas & Pacific Railway Co. v. Hagenloh*, 151 Tex. 191, 247 S.W.2d 236 (1952); *Green v. Jackson*, 674 S.W.2d 395 (Tex.App.—Amarillo 1984, writ ref'd n.r.e.). When a servant deviates from the performance of his duties for his own purposes, then the master is not responsible for what occurs during that deviation. *Gibralter Savings Ass'n v. Turnbough*, 610 S.W.2d 515, 519 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ dism'd); *see Hein v. Harris County*, 557 S.W.2d 366, 368 (Tex.Civ.App.—Houston [1st Dist.] 1977, writ ref'd n.r.e.).

■ In its motion for summary judgment, Circle K pointed out that Tran's deposition testimony showed that he left the store unattended and unsecured and followed the appellant into the public street to take up a personal concern arising out of the alleged damage to his car. We conclude that this conduct cannot reasonably be construed as occurring in the course and furtherance of Tran's duties for Circle K.

The appellant suggests that because Tran had parked his car to block the sidewalk on Circle K's instructions, the altercation between Tran and the appellant arose from Tran's employment, and somehow implies that Tran's conduct in shooting the appellant was "obeying instructions given to him within the course and scope." We reject this contention. Moreover, Circle K employees were aware that weapons were not permitted on the premises and that having a weapon on the premises was cause for immediate termination. Tran's conduct in pursuing the appellant into the

street and shooting him for scratching his car cannot reasonably be construed as obeying Circle K's instructions or as arising from his employment.

The appellant's two points of error are overruled. The judgment of the trial court is affirmed.

JACK SMITH, J., dissenting.

JACK SMITH, Justice, dissenting.

I respectfully dissent because I believe a material fact issue has been raised by the summary judgment evidence.

The appellant's response to the motion for summary judgment concerning why the appellee's employee shot him contradicts the summary judgment evidence submitted by the appellee in his motion for summary judgment. This contradictory evidence pertains to the issue of whether the appellee's employee was acting in the course and scope of his employment when he shot the appellant. This is a material fact issue that should be resolved by the fact finders. If this was an appeal from a trial on the merits, I would agree with the majority opinion. However, because I believe a material fact issue has been raised in a summary judgment proceeding, I am of the opinion that the trial court erred in granting the appellant's motion for summary judgment. Tex.R.Civ.P. 166–A; *Nasser v. Security Ins. Co.*, 724 S.W.2d 17 (Tex. 1987). I would reverse and remand for a trial on the merits.

---

1. This deposition testimony is not contained in the transcript, but was cited to and before the trial court in the motion for and response to the motion for summary judgment. When the summary judgment record on appeal is incomplete, any omitted documents are presumed to support the trial court's judgment. *Cantu v. Western Fire & Casualty Ins. Co.*, 723 S.W.2d 668 (Tex.1987).