**Shannon DROOKER, et al., Appellants,**

*v.*

**SAEILO MOTORS, et al., Appellees.**

**No. 01–87–00793–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 4, 1988.

Rehearing Denied Aug. 4, 1988.

---

Harry J. Van Deilen, W. Scott Red, Jr., Houston, for appellants.

James D. Ebanks, Giessel, Stone, Barker & Lyman, Houston, for appellees.

Before EVANS, C.J., and DUNN and SAM BASS, JJ.

## OPINION

SAM BASS, Justice.

We withdraw our opinion of July 7, 1988 and substitute this opinion in its stead.

S. Drooker, A. Drooker, and E. Christian sued Saeilo Motors and Saeilo Motors, Inc. ("Saeilo Motors"), Time Arts and Gifts ("Time Arts"), Original World Products ("World Products"), News World Communications ("World Communications"), and Alex Murphy for damages resulting from a car accident. The trial court granted summary judgment for all defendants except Murphy, and severed the suit against Murphy. This is an appeal from the decision concerning Saeilo Motors, Time Arts, World Products, and World Communications.

We affirm in part, and reverse and remand in part.

The appellees initially contend that the record available for our consideration is limited to those items enumerated in the trial court's order of severance, citing *Debell v. Texas Gen. Realty*, 609 S.W.2d 892 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ). *Debell*, however, merely reiterates the rule that when a summary judgment record is incomplete, the omitted documents are presumed to establish the correctness of the judgment. *Id.* at 893. Because the appellants have provided this Court with a complete record on appeal, *Debell* does not control our determination of this case. We reject the appellees' reasoning on this issue.

In their first four points of error, the appellants assert that they raised material issues of fact that should have precluded the granting of a summary judgment. To establish entitlement to a summary judgment, a movant must establish that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex.1972); Tex.R.Civ.P. 166–A(c).

The burden of proof is on the movant, and all doubts regarding the existence of a genuine issue of fact are resolved against him. *Roskey v. Texas Health Facilities Comm'n*, 639 S.W.2d 302, 303 (Tex.1982) (per curiam). The burden that exists at a trial on the merits is immaterial to the burden that a movant for summary judgment must bear. *Missouri–Kansas–Texas Ry. Co. v. City of Dallas*, 623 S.W.2d 296, 298 (Tex.1981); *Glenn v. Prestegord*, 456 S.W.2d 901, 902–03 (Tex.1970).

Once the movant has established a right to a summary judgment, the burden shifts to the non-movant. The non-movant must then respond to the motion for summary judgment and present to the trial court any issues that would preclude summary judgment. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979). Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in his favor. *Nixon v. Mr. Property Management Co.*, 690 S.W. 2d 546, 548–49 (Tex.1985). In other words, we consider the summary judgment evidence in the light most favorable to the non-movants. *Wilcox v. St. Mary's Univ.*, 531 S.W.2d 589, 593 (Tex.1975). The non-movant may defeat the opposing party's motion by a showing that at least one element of each of the movant's causes has not been established with sufficient summary judgment evidence. *See Westland Oil Dev. Corp. v. Gulf Oil Corp.*, 637 S.W.2d 903, 907 (Tex.1982); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d at 678–79.

One of the appellants' theories of recovery was based upon the doctrine of *respondeat superior*. To defeat this theory, the appellees were required to establish, as a matter of law, that:

(1) the [allegedly negligent] actor was not an employee; and/or,

(2) no negligent act occurred; and/or,

(3) the act that occurred was not within the scope of the actor's employment.

*See Leadon v. Kimbrough Bros. Lumber Co.*, 484 S.W.2d 567, 569 (Tex.1972); *Robertson Tank Lines, Inc. v. Van Cleave*, 468 S.W.2d 354, 357 (Tex.1971).

In their first point of error, the appellants contend that the trial court erred in granting summary judgment because there was an issue of material fact about whether Murphy was an employee of Time Arts, World Products, and World Communications. (The appellants do not contend that Murphy was an employee of Saeilo Motors. Therefore, the points of error dis-

cussing the appellants' *respondeat superior* theory do not apply to Saeilo Motors.)

The contention raised in the appellees' motion for summary judgment related to whether Murphy's allegedly negligent act occurred within the scope of his employment. In so contending, the appellees premised their argument on the assumption that Murphy *was* an employee. Therefore, for purposes of this appeal, the appellants' first point of error is irrelevant.

We overrule the first point of error.

In their second point of error, the appellants assert that the trial court erred in granting summary judgment because they raised a material question of fact about whether Murphy was acting within the scope of his employment. In establishing that a party was acting within the scope of his employment, a plaintiff is not required to show that the negligent act was expressly authorized by the employer; rather, a plaintiff need show only that the act was:

(1) within the general authority given him;

(2) in furtherance of the employer's business; and,

(3) for the accomplishment of the object for which the employee was employed.

*Leadon v. Kimbrough Bros. Lumber Co.,* 484 S.W.2d at 569; *Robertson Tank Lines, Inc. v. Van Cleave,* 468 S.W.2d at 357; *Dieter v. Baker Serv. Tools,* 739 S.W.2d 405, 407 (Tex.App.—Corpus Christi 1987, writ denied).

Therefore, an employer is not liable for actions that an employee takes in his own interests and not to further the purpose of carrying out the master's business. *Smith v. M Sys. Food Stores,* 156 Tex. 484, 486–87, 297 S.W.2d 112, 114 (1957); *SouthWest Dairy Prod. Co. v. DeFrates,* 132 Tex. 556, 558–59, 125 S.W.2d 282, 283 (Tex. Comm'n App.1939, opinion adopted); *Viking v. Circle K Convenience Stores, Inc.,* 742 S.W.2d 732, 734 (Tex.App.—Houston [1st Dist.] 1987, writ denied).

When an employee deviates from the performance of his duties as an employee for his own, personal purposes, his employer is neither responsible nor liable on a *respondeat superior* theory for what occurs during that deviation. *SouthWest Dairy Prod. Co. v. De Frates,* 132 Tex. at 558–59, 125 S.W. at 283; *Viking v. Circle K Convenience Stores, Inc.,* 742 S.W.2d at 734 (and cases cited therein). In the instant case, at the time of the accident, Murphy and two employees were *en route* to a restaurant for dinner.

■ The appellants argue that the following summary judgment evidence should have precluded the trial court from ruling in favor of the appellees: (1) Murphy's driving of the appellees' vehicle was a "common occurrence"; (2) Murphy's driving was done in connection with employment activities; (3) the appellees' employees had conducted "driving lessons" with Murphy; (4) the appellees and their employees had knowledge of the conduct described in (1) through (3); (5) Murphy and his companions, who were on their way to dinner at the time of the accident, intended to return to work after dinner; and (6) working hours were from 9:00 AM to 9:00 PM.

The appellants' contention is that the trip to dinner was not a "deviation" or "personal errand," but, rather, a mingling of personal interests with employment concerns. The appellants assert that the facts, listed (1) through (6) above, support this conclusion.

The appellees counter with the contention that Murphy was "not acting in the course and scope of his employment at the time of the accident, but was engaged in a purely personal errand, totally unrelated to the tasks for which he may have been allegedly employed." They supported this argument in their motion for summary judgment with an affidavit of Colaneri, a manager for appellees, stating that employees ate dinner on their own time and not in furtherance of the appellees' interests. The appellees also referred to deposition testimony of Murphy and one of the employees who accompanied him, stating that they were on their way to dinner.

We recognize that there is authority to the effect that an employee is acting within the scope of his employment duties if his

acts are a mingling of personal and employment interests. *See Josey–Miller Co. v. Sheppard,* 357 S.W.2d 488, 489 (Tex.Civ. App.—Beaumont 1962, no writ). The appellants did not produce any summary judgment evidence to the contrary. Although factors (1) through (4) are relevant to the appellants' "negligent entrustment" theory, they do not refute the appellees' contention that Murphy was engaged in a deviation from his employment responsibilities at the time of the accident. Furthermore, factors (5) and (6) do not, on their own, raise a question of fact about whether a "mingling" of personal and employment interests occurred. In failing to refute the appellees' summary judgment argument and evidence, the appellants cannot now rely solely on the caselaw concerning the mingling of personal and employment interests; the appellees provided summary judgment evidence that Murphy was on a purely personal errand at the time of the accident, and so, the appellants were required to come forward with summary judgment evidence to the contrary if they were to raise a question of fact on the issue.

*SouthWest Dairy Prod. Co. v. De Frates,* 132 Tex. at 556, 125 S.W.2d at 282, involved a similar factual setting. In *SouthWest Dairy,* the defendant's employee was the driver of one of the defendant's trucks. His job required that he drive a truck, on a daily basis, from the defendant's plant to a washing facility, also maintained by the defendant. One evening, the employee detoured from his work route and went home for supper. On the return trip (*i.e.,* while returning to work), the accident occurred. A jury found in favor of the plaintiff, finding that the employee was acting within the scope of his employment at the time of the accident. The defendant appealed this decision, and the Texas Supreme Court adopted the Commission's holding that these facts did not support a finding that the employee was acting in the scope and course of his employment. Similarly, in the instant case, Murphy was leaving the workplace, with the intent to return after dinner, when the accident occurred.

Other Texas cases have held in this vein: *Robertson Tank Lines, Inc. v. Van Cleave,*

468 S.W.2d at 354 (holding that, although the employee was told to return his employer's truck from Odessa to Corpus Christi, and *was allowed to eat and sleep at places of his choice,* because the employee chose to drive eight miles in a direction opposite from Corpus Christi to visit his father, etc., the employee acted outside of the scope and course of his employment); *Mitchell v. Ellis,* 374 S.W.2d 333, 336 (Tex.Civ.App.—Fort Worth 1963, writ ref'd n.r.e.) (stop to purchase cigarettes while driving employer's truck during working hours is purely personal errand); and *Hudiburgh v. Palvic,* 274 S.W.2d 94, 98–99 (Tex.Civ.App.—Beaumont 1955, writ ref'd n.r.e.) (employee's stop to purchase flashlight batteries while returning from errand for employer held a personal deviation and not within scope and course of employment).

The appellants have not provided any summary judgment evidence that Murphy was acting in the course of his employment. The appellees have provided summary judgment evidence that Murphy was not acting in the course of his employment. We hold that the appellees' evidence precluded as, a matter of law, the establishment of the essential element of *respondeat superior, viz.,* that Murphy's negligent act was within the scope of his employment. *Leadon v. Kimbrough Bros. Lumber Co.,* 484 S.W.2d at 569; *Robertson Tank Lines, Inc. v. Van Cleave,* 468 S.W. 2d at 357.

We overrule the second point of error.

In their third point of error, the appellants contend that the trial court erred in granting summary judgment for the appellees because they raised a question of material fact concerning whether the appellees negligently entrusted the loaner car to Murphy's control. The elements of negligent entrustment are as follows:

(1) entrustment of the vehicle by the owner;

(2) to an unlicensed, incompetent, or reckless driver;

(3) that the owner knew or should have known was unlicensed, incompetent, or reckless;

(4) that the driver was negligent on the occasion in question; and,

(5) that the driver's negligence was the proximate cause of the accident.

*Schneider v. Esperanza Transmission Co.*, 744 S.W.2d 595, 596 (Tex.1987); *Williams v. Steves Indus., Inc.*, 699 S.W.2d 570, 571 (Tex.1985).

■ First, we will address Saeilo Motors' liability. Toyoda, a manager of Saeilo Motors, stated in deposition that Saeilo Motors loaned the car to Colaneri, one of the appellees' managers, while Saeilo Motors repaired Colaneri's car, that Saeilo Motors specifically entrusted the car to Colaneri, and that Saeilo Motors did not entrust the vehicle to Murphy. Toyado stated further that he entrusted the vehicle to Colaneri with the understanding that only Colaneri would use it. The appellants did not offer any summary judgment evidence to rebut this statement. Therefore, the appellees provided unrefuted summary judgment evidence that the first and second elements of negligent entrustment were unsatisfied (*i.e.*, that no entrustment to Murphy took place). *See Schneider v. Esperanza Transmission Co.*, 744 S.W.2d at 596. We overrule the third point of error as to Saeilo Motors.

■ Next, we address whether the remaining appellees (Time Arts, World Products, and World Communications) negligently entrusted the vehicle to Murphy. Summary judgment evidence in the form of Colaneri's affidavit reflected that Colaneri was unaware of Murphy's driving the loaner vehicle on the *date of the accident*. Although this standing alone, under certain circumstances, might be sufficient to establish as a matter of law that a plaintiff failed to satisfy the first element of negligent entrustment (entrustment of a vehicle by the owner), the facts in the instant case prevent this conclusion.

The appellants provided deposition testimony by Murphy that he had driven the appellees' vehicles on many occasions with the knowledge and consent of other employees. There was further testimony that indicated Colaneri himself was aware that Murphy was driving the appellees' vehicles.

The deposition testimony is some evidence that Murphy was authorized to drive the appellees' vehicles in general. *See Firestone Tire & Rubber Co. v. Blacksher*, 477 S.W.2d 338, 340 (Tex.Civ.App.—El Paso 1972, no writ) (permission to drive a motorized vehicle may be express or implied).

If Murphy was authorized to drive the appellees' vehicles, the fact that Colaneri did not know that Murphy would drive the loaner car on the date of the accident would not preclude as a matter of law a finding that the appellees entrusted Murphy with their vehicles. If the appellees were negligent, in general, in allowing Murphy to drive their vehicles, then that negligence extended to all vehicles Murphy drove—whether owned by or loaned to the appellees. In short, an issue of material fact existed about whether the appellees entrusted the vehicle to Murphy.

■ Furthermore, despite summary judgment evidence that Murphy was licensed with an instruction permit at the time of the accident, that Murphy had driven with a co-worker many times, that he never had been in an accident, nor ticketed, nor issued a moving violation, the appellees did not establish as a *matter of law* that Murphy was not an "unlicensed, incompetent, or reckless" driver, nor that they did not know, nor should have known, that Murphy was unlicensed, etc.

The circumstances in the instant case raise a jury question on the issue of whether Murphy was competent because the evidence established that Murphy had little driving experience and possessed only an instruction permit. The appellees' summary judgment evidence did not eliminate the possibility that the appellees negligently entrusted the car to Murphy.

In closing our analysis of this point of error, we observe that, regardless of any evidence about Murphy having engaged in a "personal errand," as discussed under point of error two, the appellants still may establish a cause of action for negligent entrustment. *See Green v. Texas Elec. Wholesalers, Inc.*, 651 S.W.2d 4, 6–7 (Tex. App.—Houston [1st Dist.] 1982, no writ)

(matters of deviation by one entrusted with a vehicle have no significance in a case based upon negligent entrustment).

We sustain the third point of error as to Time Arts, World Products, and World Communications.

■ In his fourth point of error, the appellants contend that the trial court erred in granting summary judgment because material issues of fact existed about whether the appellees were negligent in failing to restrict access to company vehicles or vehicles loaned to the company (including access to the keys) and in failing to create and/or enforce safety rules concerning the use of company vehicles or vehicles loaned to the company. Clearly, this point of error does not refer to Saeilo Motors' liability because Saeilo Motors was not in any way connected to Time Arts, World Products, and World Communications and, therefore, could not control their decisions regarding safety regulations.

This cause of action is not based on theories of *respondeat superior* or negligent entrustment. Rather, it is a straightforward allegation of negligence. Questions of negligence (and proximate cause) are usually fact issues that cannot be determined by summary judgment. *Smith v. Muckleroy*, 537 S.W.2d 104, 106 (Tex.Civ. App.—Tyler 1976, no writ) (and cases cited therein). In the instant case, the appellants raised several questions of fact about whether Time Arts, World Products, and World Communications were negligent in allowing Murphy access to company automobiles. The trial court's granting of summary judgment was not proper on these facts.

We sustain the fourth point of error.

In their fifth and final point of error, the appellants contend that the trial court erred in granting summary judgment because the evidence that the appellees produced in support of their motion was "factually and/or legally insufficient to support same." The specific examples of factual/legal insufficiency that the appellants enumerate within this point of error are, in reality, the same issues that they raise in their first through fourth points of error.

Because we already have addressed these issues, we decline to analyze this final point of error.

We overrule the fifth point of error.

We affirm the judgment as to Saeilo Motors, Inc. and Saeilo Motors. We reverse and remand the judgment as to Time Arts and Gifts, Original World Products, and News World Communications for proceedings consistent with this opinion.

EVANS, C.J., concurs.

EVANS, Chief Justice, concurring.

I concur in the holding of the majority opinion, which affirms the summary judgment as to appellees, Saeilo Motors, but reverses the judgment and remands the cause as to Time Arts, World Products, and World Communications.

I agree with the majority's decision that the appellees failed to establish, as a matter of law, the absence of appellants' asserted cause of action based upon the theory of negligent entrustment. But I disagree with the majority's conclusion that the appellees established, as a matter of law, that the driver, Alex Murphy, was not acting in the course and scope of his employment at the time of the accident.

The majority opinion accurately sets forth the appellees' burden of proof in the summary judgment proceeding. As the majority opinion states, the appellees had the burden of producing summary judgment evidence that conclusively proved Murphy was *not* acting in the course and scope of his employment at the time of the accident. In reviewing the summary judgment evidence, the appellate court is required to consider the record in the light most favorable to the appellants and indulge every reasonable inference in favor of their version of the facts.

The summary judgment *proof* reflects that Alex Murphy had operated a business-owned vehicle on a number of occasions, and that he used the vehicle in connection with his employment activities. He was learning how to drive, and other employees of the business had given him driving les-

sons during business hours. On the date of the accident, Murphy and two employees were driving the automobile to have dinner, intending to return to work thereafter. It is undisputed that the accident happened during regular business hours.

In my opinion, the appellees did not meet their burden of showing the absence of a genuine issue of material fact as to Murphy's use of the vehicle in furtherance of the business. The fact that Murphy was driving a business vehicle during working hours is prima facia evidence that he was engaged in a business purpose. *See Railway Express Agency, Inc. v. Robinson,* 162 S.W.2d 984, 986 (Tex.Civ.App.—Waco 1942, writ ref'd w.o.m.). Although there is summary judgment evidence that tends to rebut the presumption of a business purpose, the appellant's circumstantial proof, considered in its entirety, raise a fact question as to whether he was driving within the course and scope of his employment. *Compare, Houston News Co. v. Shavers,* 64 S.W.2d 384, 386 (Tex.Civ.App.—Waco 1933, writ ref'd), and *Longoria v. Texaco, Inc.,* 649 S.W.2d 332 (Tex.Civ.App.—Corpus Christi 1983, no writ) (where the evidence rebutting the presumption was so clear and conclusive that it established the non-business purpose as a matter of law).

The majority recognizes that an employee may act within the scope of his employment duties if his acts constitute a mingling of personal and business interests. *See Josey–Miller Co. v. Sheppard,* 357 S.W.2d 488, 489 (Tex.Civ.App.—Beaumont 1962, no writ). In my opinion, the summary judgment record shows that such a factual question is presented here.

The majority points to the affidavit of appellees' manager, Colaneri, to support the legal conclusion that Murphy and his co-employees were on their "own time" and were not acting in furtherance of company business when they went to dinner. In my opinion, the affidavit simply states the manager's conclusion on an ultimate fact, which is placed in issue by other testimony in the record. The manager's affidavit does not conclusively negate the factual assertion that Murphy was mingling his personal interests with business interests when the accident occured.

I would hold that the appellees failed to establish, as a matter of law, that Murphy was not acting in the course and scope of his employment at the time of the accident.