Opinion issued August 12, 2021



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-20-00699-CV

———————————

## CITY OF HOUSTON, Appellant

## V.

## JOSE SABAS CARRIZALES, Appellee

On Appeal from the 133rd District Court
Harris County, Texas
Trial Court Case No. 2019-19785

## MEMORANDUM OPINION

In this interlocutory appeal,[1] appellant, City of Houston (the "City"),

challenges the trial court's order denying its summary-judgment motion filed in the

---

[1] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8); *see also Thomas v. Long*, 207 S.W.3d 334, 339–40 (Tex. 2006) (summary-judgment motion challenging trial court's subject-matter jurisdiction is subsumed under Texas Civil Practice and

suit brought against it by appellee, Jose Sabas Carrizales, for negligence. In its sole issue, the City contends that the trial court erred in denying its summary-judgment motion.

We reverse and render.

## Background

In his amended petition, Carrizales alleged that on August 9, 2018, at about 3:26 p.m., Mercedes Katrina Griffin,[2] a City employee, was driving a sewer jet truck[3] owned by the City "northbound on the 6000 Block of Martin Luther King Blvd." And she negligently "failed to control her speed," striking Carrizales's car and causing him to suffer personal injuries. According to Carrizales, Griffin "was acting within the course and scope of her employment" "when the collision took place," making the City "vicariously liable to [Carrizales]" for Griffin's negligent conduct "under the theory of respondeat superior." Carrizales brought a negligence claim against the City, alleging that Griffin was negligent in failing to maintain a

Remedies Code section 54.014(a)(8)); *City of Houston v. Garza*, No. 01-18-01069-CV, 2019 WL 2932851, at *3 (Tex. App.—Houston [1st Dist.] July 9, 2019, no pet.) (mem. op.) ("When a governmental unit asserts immunity in a motion for summary judgment, a court of appeals has jurisdiction to review an interlocutory order denying summary judgment.").

[2]  In his amended petition, Carrizales refers to Griffin as "Mercedes Katrin Jackson," but Griffin's deposition testimony confirms that her name is "Mercedes Katrina Griffin."

[3]  The sewer jet truck operated by Griffin can hold up to 1,000 gallons of water, which is used to clear blockages in the municipal sewer system.

single lane, failing to control the speed of her truck, failing to control the operation of her truck, failing to avoid the collision, failing to keep a proper look out, failing to apply the brakes properly and timely, failing to operate the truck in a safe manner, and failing to operate the truck as a person of ordinary prudence would have in the same or similar circumstances. Carrizales sought damages for past and future physical pain and suffering, past and future mental anguish, past and future disfigurement, past and future physical impairment, past and future medical expenses, past and future out-of-pocket economic losses, and past and future loss of earning capacity.

The City answered, generally denying the allegations in Carrizales's petition and asserting that the trial court lacks jurisdiction over Carrizales's suit because the City is entitled to governmental immunity and the Texas Tort Claims Act ("TTCA")[4] did not waive that immunity.

The City moved for summary judgment on Carrizales's negligence claim, arguing that it was entitled to judgment as a matter of law because the trial court lacks subject-matter jurisdiction over Carrizales's suit. The City asserted that it was entitled to governmental immunity and Carrizales could not show that his suit against the City fell under the limited waiver of governmental immunity provided

---

[4] *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.001–.109.

by the TTCA.[5]  According to the City, although the TTCA waives governmental immunity for personal injuries proximately caused by "the negligence of a[] [City] employee," if the personal injuries "arise[] from the operation or use of a motor-driven vehicle,"[6] the City employee must be "acting within h[er] scope of employment," and at the time of the collision, Griffin was acting "outside the scope of her employment." Thus, because Griffin was not acting in the course and scope of her employment when the collision with Carrizales occurred, the TTCA did not waive the City's governmental immunity and the trial court lacked subject-matter jurisdiction over Carrizales's negligence suit.

The City attached excerpts from Griffin's deposition testimony to its summary-judgment motion.[7]  In her deposition, Griffin testified that she is a utility worker for the City.  Griffin described her job duties as "investigat[ing] stoppages," "investigat[ing] and inspect[ing] sewer complaints," and otherwise responding to public requests for service.  She also identified several City employees who had supervisory authority over her.

Griffin testified that when the collision with Carrizales occurred, she was driving the sewer jet truck back to her place of work after stopping by her home for

---

[5]    *See id.* § 101.021(1).

[6]    *See id.*

[7]    Carrizales attached Griffin's entire deposition to his response to the City's summary-judgment motion.

lunch. Right after the collision, she called one of her supervisors, Charles Tryals. Tryals instructed her to "call dispatch" to report the collision.

Griffin was alone in the truck when the collision occurred. She explained that if she had been investigating a stoppage or answering a request for service or investigating or inspecting a sewer complaint, someone else would have been in the truck with her because "[i]t takes two people to perform the job."

In his response to the City's summary-judgment motion, Carrizales argued that the City did not establish that it was entitled to judgment as a matter of law on Carrizales's negligence claim because Griffin's deposition testimony was unverified, citing by way of example an excerpt from the deposition testimony in which, consistent with the objection of the City's counsel, Griffin refused to produce her driver's license. Also, because Griffin was an interested witness, Carrizales argued that the City could not rely solely on her testimony to prove that she was not acting in the course and scope of her employment at the time of the collision. And Carrizales asserted that there was a genuine issue of material fact as to whether Griffin was acting in the course and scope of her employment because Griffin stated in her deposition that she "was on the clock" when the collision occurred but also stated that she was not required to "clock out" during the day, and she explained that "even while we are on our break, we are on the clock." As a result, according to Carrizales, there was "no electronic or written documentation that c[ould]

5

conclusively demonstrate . . . that [Griffin] was on a break, and therefore not acting within the course and scope of her employment" when the collision occurred.

In its reply to Carrizales's response, the City noted that Griffin, in her deposition, identified herself while under oath and the deposition also reflects that the City's counsel ultimately allowed Carrizales's counsel to examine Griffin's driver's license. And the City reiterated that it had established, based on the evidence, that, at the time of the collision, Griffin was acting outside the scope of her employment, which precluded waiver of the City's governmental immunity by the TTCA.[8]

After a hearing, the trial court denied the City's summary-judgment motion.

**Standard of Review**

Sovereign immunity and its counterpart, governmental immunity, exist to protect the State and its political subdivisions from lawsuits and liability for money damages. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 635 (Tex. 2012); *Tex. Nat. Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 853 (Tex.

---

[8]     The record also contains Carrizales's sur-reply, which the parties agree was filed untimely and without leave of court. The summary-judgment order does not recite that the trial court considered "the evidence" or otherwise reflect that the trial court considered the sur-reply, so we do not consider it here. *See B.C. v. Steak N Shake Operations, Inc.*, 598 S.W.3d 256, 262 (Tex. 2020); *see also Dean v. Aurora Bank, FSB*, No. 01-15-00827-CV, 2016 WL 7368057, at *3 (Tex. App.—Houston [1st Dist.] Dec. 20, 2016, no pet.) (mem. op.) (absent affirmative indication in record that trial court accepted untimely response, appellate court presumes that trial court did not consider it).

2002); *see also Ben Bolt-Palito Blanco Consol. Indep. Sch. Dist.*, 212 S.W.3d at 323–24 ("Sovereign immunity protects the State, its agencies, and its officials from lawsuits for damages."). Although the terms "sovereign immunity" and "governmental immunity" are often used interchangeably, sovereign immunity "extends to various divisions of state government, including agencies, boards, hospitals, and universities," while governmental immunity "protects political subdivisions of the State, including counties, cities, and school districts." *See Ben Bolt-Palito Blanco Consol. Indep. Sch. Dist.*, 212 S.W.3d at 323–24; *Odutayo v. City of Houston*, No. 01-12-00132-CV, 2013 WL 1718334, at *2 n.8 (Tex. App.—Houston [1st Dist.] Apr. 18, 2013, no pet.) (mem. op.). We interpret statutory waivers of sovereign immunity narrowly, as the Texas Legislature's intent to waive immunity must be clear and unambiguous. *See LMV-AL Ventures, LLC v. Tex. Dep't of Aging & Disability Servs.*, 520 S.W.3d 113, 120 (Tex. App.—Austin 2017, pet. denied); *see also* TEX. GOV'T CODE ANN. § 311.034. Without an express waiver of sovereign immunity or governmental immunity, courts do not have subject-matter jurisdiction over suits against the State or its political subdivisions. *State v. Shumake*, 199 S.W.3d 279, 283 (Tex. 2006); *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224–25 (Tex. 2004).

A governmental unit may raise the affirmative defense of governmental immunity and challenge the trial court's jurisdiction "through a plea to the

7

jurisdiction or other procedural vehicle, such as a motion for summary judgment." *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018). We review a trial court's decision on summary judgment de novo. *Tex. Mun. Power Agency v. Pub. Util. Comm'n of Tex.*, 253 S.W.3d 184, 192 (Tex. 2007). We also review a motion or plea asserting governmental immunity de novo because it involves a question of law. *Harris Cty. Hosp. Dist. v. Tomball Reg'l Hosp.*, 283 S.W.3d 838, 842 (Tex. 2009).

To prevail on a summary-judgment motion, the movant has the burden of establishing that it is entitled to judgment as a matter of law and there is no genuine issue of material fact. TEX. R. CIV. P. 166a(c); *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995). When a governmental unit, as the movant, raises the affirmative defense of governmental immunity and challenges the trial court's subject-matter jurisdiction in a summary-judgment motion, it must establish that it is entitled to governmental immunity as a matter of law. *See* TEX. R. CIV. P. 166a(c); *Rivera v. City of Houston*, No. 01-19-00629-CV, 2020 WL 7502054, at *3 (Tex. App.—Houston [1st Dist.] Dec. 22, 2020, no pet.) (mem. op.); *Oakbend Med. Ctr. v. Martinez*, 515 S.W.3d 536, 542 (Tex. App.—Houston [14th Dist.] 2017, no pet.). Once the governmental unit conclusively establishes its entitlement to governmental immunity, the burden shifts to the non-movant to present evidence sufficient to create a fact issue on at least one element of either the affirmative defense or an

8

exception to that defense. *Oakbend*, 515 S.W.3d at 542; *Zeifman v. Nowlin*, 322 S.W.3d 804, 808 (Tex. App.—Austin 2010, no pet.). If the non-movant cannot meet his burden, the suit is barred because of governmental immunity, and summary judgment is proper. *Oakbend*, 515 S.W.3d at 542; *see Shives v. State*, 743 S.W.2d 714, 715 (Tex. App.—El Paso 1987, writ denied) ("[A] motion for summary judgment may be based on a showing that the cause of action is barred as a matter of law by the affirmative defense of governmental immunity."); *cf. Miranda*, 133 S.W.3d at 228 (standard of review for jurisdictional plea based on evidence generally mirrors matter-of-law summary-judgment standard).

## Governmental Immunity

In its sole issue, the City argues that the trial court erred in denying its summary-judgment motion because it is entitled to governmental immunity, the TTCA does not waive its immunity, it "conclusively established" that Griffin was acting outside the scope of her employment at the time of the collision with Carrizales, and the trial court, thus, lacks subject-matter jurisdiction over Carrizales's suit.

The TTCA provides a limited waiver of immunity for certain suits against governmental units. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.001–.109; *Alexander v. Walker*, 435 S.W.3d 789, 790 (Tex. 2014); *City of Dallas v. Hillis*, 308 S.W.3d 526, 530 (Tex. App.—Dallas Mar. 30, 2010, pet. denied). The City is a

governmental unit protected by governmental immunity, absent waiver. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(3); *cf. City of Sugar Land v. Gaytan*, No. 01-18-01083-CV, 2020 WL 2026374, at \*2–3 (Tex. App.—Houston [1st Dist.] Apr. 28, 2020, no pet.) (mem. op.). Pertinent here, the TTCA waives a governmental unit's immunity for the personal injuries proximately caused by the negligence of the governmental unit's employee acting within the scope of her employment if the injuries "arise[] from the operation or use of a motor-driven vehicle." TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.021, 101.025; *see also Gaytan*, 2020 WL 2026374, at \*3. For purposes of the TTCA, an "employee" is,

> a person, including an officer or agent, who is in the paid service of a governmental unit by competent authority, but does not include an independent contractor, an agent or employee of an independent contractor, or a person who performs tasks the details of which the governmental unit does not have the legal right to control.

TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(2) (internal quotations omitted). The employee's "scope of employment" means "the performance for a governmental unit of the duties of an employee's office or employment and includes being in or about the performance of a task lawfully assigned to an employee by competent authority." *Id.* § 101.001(5) (internal quotations omitted).

When a vehicle involved in a collision is owned by the driver's employer, a presumption arises that the driver was acting in the course and scope of her employment when the collision occurred. *Robertson Tank Lines, Inc. v. Van Cleave*,

468 S.W.2d 354, 357 (Tex. 1971); *Molina v. City of Pasadena*, No. 14-17-00524-CV, 2018 WL 3977945, at \*4 (Tex. App.—Houston [14th Dist.] Aug. 21, 2018, no pet.) (mem. op.). But if there is evidence that the driver was on a personal errand, or otherwise not in the furtherance of her employer's business, the presumption vanishes. *Mejia-Rosa v. John Moore Servs.*, No. 01-17-00955-CV, 2019 WL 3330972, at \*7 (Tex. App.—Houston [1st Dist.] July 25, 2019, no pet.) (mem. op.); *see Molina*, 2018 WL 3977945, at \*5; *Lara v. City of Hempstead*, No. 01-15-00987-CV, 2016 WL 3964794, at \*4 (Tex. App.—Houston [1st Dist.] July 21, 2016, pet. denied) (explaining presumption is only procedural tool and once rebutted, it disappears from case). If the employer proffers evidence rebutting the presumption, the burden shifts back to the plaintiff to produce other evidence that the driver was acting in the course and scope of her employment at the time of the collision. *Robertson Tank Lines*, 468 S.W.2d at 358; *Molina*, 2018 WL 3977945, at \*5; *see generally Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754 (Tex. 2007) (no fact issue that employer was vicariously liable where undisputed evidence showed employee was on personal errand and not acting in furtherance of employer's business).

Here, it is undisputed that Griffin, a City employee, was driving a City-owned truck when the collision occurred. That evidence raised the presumption that Griffin was acting in the course and scope of her employment. The City adduced Griffin's

11

testimony to prove that Griffin was returning to her workplace alone after lunch when the collision occurred. That testimony rebutted the presumption that Griffin was acting in the course and scope of her employment when the collision occurred. *See Molina*, 2018 WL 3977945, at *4 (presumption city employee was acting within course and scope of employment rebutted where collision occurred while employee was returning to work after eating lunch ); *Lara*, 2016 WL 3964794, at *4 (evidence officer was commuting to work in patrol car at time of collision showed he was "neither engaged in the performance for a governmental unit of the duties" of his office or employment nor performing task "lawfully assigned to an employee by competent authority" and thus was sufficient to rebut presumption that officer was acting in course and scope of employment under TTCA (internal quotations omitted)); *Gant v. Dumas Glass & Mirror, Inc.*, 935 S.W.2d 202, 212–13 (Tex. App.—Amarillo 1996, no writ) (holding employee was not acting in course and scope of employment where collision occurred while employee was driving company vehicle returning to work after "attending [to] his personal business of eating lunch"); *Drooker v. Saeilo Motors*, 756 S.W.2d 394, 397 (Tex. App.— Houston [1st Dist.] 1988, writ denied) (employee who was driving employer's delivery vehicle to restaurant for dinner at time of collision was not in course and scope of employment). And that presumption was rebutted even though Griffin was "on the clock" when the collision occurred. *See J & C Drilling Co. v. Salaiz*, 866

S.W.2d 632, 637 (Tex. App.—San Antonio 1993, no writ) (holding evidence not sufficient to raise fact issue that employee was acting in course and scope of employment where collision occurred as employee was returning from personal errand, despite evidence he was on call twenty-four hours a day and was driving employer's vehicle).

Carrizales asserts that the "bare" testimony of Griffin, an interested witness, is insufficient to prove that Griffin was not acting in the course and scope of her employment with the City at the time of the collision. But "[a] summary judgment may be based on uncontroverted testimonial evidence of an interested witness . . . if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted." TEX. R. CIV. P. 166a(c). "[C]ould have been readily controverted" means "the testimony at issue is of a nature which can be effectively countered by opposing evidence." *Casso v. Brand*, 776 S.W.2d 551, 558 (Tex. 1989). In contrast, an affidavit that states only legal or factual conclusions without providing factual support is not proper summary-judgment evidence because it is not credible or susceptible to being readily controverted. *Brown v. Mesa Distribs., Inc.*, 414 S.W.3d 279, 287 (Tex. App.—Houston [1st Dist.] 2013, no pet.); *see also Frank's Int'l, Inc. v. Smith Int'l, Inc.*, 249 S.W.3d 557, 566 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (explaining conclusory statements and statements of subjective belief or intent

without underlying facts cannot be countered and are incompetent summary-judgment evidence).

In her deposition testimony, Griffin did not conclusorily state that she was acting in the course and scope of her employment at the time of the collision. Instead, she testified that she was on her way back to work after lunch and was alone in the truck when the collision occurred. And she explained that if she had been performing her job duties, such as investigating a stoppage, answering a request for service, or investigating or inspecting a sewer complaint, someone else would have been in the truck with her because "it takes two employees to perform the job." This testimony consists of facts susceptible to dispute: Griffin's supervisors, Griffin's work schedule for the day, and the employee with whom Griffin was scheduled to work that day are all potential sources of information that could have confirmed or controverted Griffin's testimony.[9]

---

[9] In his appellee's brief, Carrizales notes that he has a motion pending in the trial court to compel responses to his discovery requests about "Griffin's background, job training, job duties, work schedule and timecards, job supervision, disciplinary history, and her history as a driver." But Carrizales did not ask for a ruling on that motion and move for a continuance so that he could obtain the City's responses to those discovery requests in sufficient time before the hearing on the City's summary-judgment motion. *See Tenneco Inc. v. Enter. Prods. Co.*, 925 S.W.2d 640, 647 (Tex. 1996) ("When a party contends that it has not had an adequate opportunity for discovery before a summary judgment hearing, it must file either an affidavit explaining the need for further discovery or a verified motion for continuance." (citing TEX. R. CIV. P. 166a(g), 251, 252)). And the City moved for summary judgment on matter-of-law grounds, not no-evidence grounds. *Compare* TEX. R. CIV. P. 166a(c) (containing no mention of discovery related to filing of matter-of-law summary-judgment motion), *with* TEX. R. CIV. P. 166a(i) (stating

14

Although Carrizales, in his appellate briefing, challenges Griffin's credibility, questioning the distances between where the collision occurred, her home, and her workplace, as well as the timing of her lunch break, Carrizales's skepticism rests solely on speculation, which is not enough to raise a fact issue as to whether Griffin was acting in the course and scope of her employment at the time of the collision.[10] *See Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 164 (Tex. 2004) (speculation is not evidence); *Marathon Corp. v. Pitzner*, 106 S.W.3d 724, 727–28 (Tex. 2003) (stating evidence is legally insufficient if based on conjecture or speculation because "some suspicion linked to other suspicion produces only more suspicion, which is not the same as some evidence"); *Mariner Fin. Grp. v. Bossley*, 79 S.W.3d 30, 34 (Tex. 2002) (summary-judgment standard does not permit speculation).

We conclude that Griffin's testimony satisfies Texas Rule of Civil Procedure 166a(c)'s requirements that it be "clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted." *See* TEX. R. CIV. P. 166a(c). And because the uncontroverted

---

no-evidence motion for summary judgment may only be filed "[a]fter adequate time for discovery"). Thus, the status of Carrizales's discovery requests does not affect our analysis here.

[10] Carrizales also attacks Griffin's credibility based on criminal convictions that are over twenty years old. Because he did not raise this issue in his summary-judgment response and does not cite to any authority explaining its relevance here, it is not properly presented for review. *See* TEX. R. APP. P. 33.1(a), 38.1(i), 38.2(a)(1).

evidence conclusively proves that Griffin was not acting in the course and scope of her employment with the City when the collision occurred, we hold that the City's governmental immunity has not been waived, the trial court lacks subject-matter jurisdiction over Carrizales's suit, and the trial court erred in denying the City's summary-judgment motion. *See Mayes*, 236 S.W.3d at 757 (uncontroverted evidence that employee was on personal errand when accident occurred supported summary judgment in favor of employer on vicarious-liability claim); *Mejia-Rosa*, 2019 WL 3330972, at *8.

We sustain the City's sole issue.

## Conclusion

We reverse the trial court's order denying the City's summary-judgment motion and render judgment dismissing Carrizales's suit for lack of jurisdiction.


Julie Countiss
Justice

Panel consists of Chief Justice Radack and Justices Landau and Countiss.