Dianand Vijay SOODEEN, Appellant,

v.

Ronald RYCHEL, Appellee.

No. 01–89–00787–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 20, 1990.

Rehearing Denied Jan. 17, 1991.

Larry Knapp, Houston, for appellant.

John L. Webb, Houston, for appellee.

Before EVANS, C.J., and MIRABAL
and DUGGAN, JJ.

OPINION

DUGGAN, Justice.

This is an appeal from a take-nothing
summary judgment in a negligent entrust-
ment action growing out of an automobile
collision.

Appellant, Dianand Vijay Soodeen, was
injured in a collision between his car and
one owned by appellee, Ronald Rychel,
which was being driven by either Angela
Fontenot, or Diana (Dina) Thomas. After
passing an intended freeway exit ramp, the
operator of Rychel's vehicle stopped, put
the car in reverse, drove against the legal
flow of traffic, and collided with Soodeen's
car when it crested a hill.

Soodeen filed suit against Fontenot,
Thomas, and Rychel, alleging negligence
on the part of Fontenot, or Thomas, as
driver, and negligent entrustment on the
part of Rychel. Fontenot and Thomas
were not located for service of citation.,
Rychel answered and filed a motion for
summary judgment, attaching an affidavit
which recited in pertinent part:

2. On the date of the accident in ques-
tion i.e., October 15, 1985 as alleged in
Plaintiff's Original Petition, I was the
owner of a 1983 Toyota Celica ... which
is the vehicle which I understand was
involved in this accident.

3. I was not operating the vehicle at the
time of the accident nor was I in the
vehicle. It is my understanding Diana
Thomas and/or Angela Fontenot were in
the vehicle at the time of the accident
with the plaintiff. I believe Diana Thom-
as was driving. Both of these ladies
operated my vehicle without my knowl-
edge, consent or permission. Further,
these women did not request or ask per-
mission to operate my vehicle prior to the
time of this accident.

Rychel's answer and deposition testimo-
ny, consistent with his summary judgment
affidavit, alleged that Rychel, a high school
football coach, was an acquaintance of Fon-

tenot. On the day of the collision, Fontenot came to the school where Rychel was employed as a coach and asked Rychel, who was preparing to leave Galveston for a football game, if he would take her to Houston. Rychel testified that, as far as he knew, Fontenot had no other transportation available to her, and suggested she might have come to the school in a taxi. Rychel told Fontenot that he could not take her at that time, that he had a game to coach that evening, but that if she wanted to wait until he returned at about 8:30 or 9:00 p.m., some five to six hours away, he would then drive her to Houston. He told her she could sit inside his car to wait for him, and he unlocked one of the car doors so that she could do so. When he returned from the game, Rychel found that his car was gone. He called the Galveston police, but decided not to report the car stolen because Fontenot was a friend, and he thought that she might be involved in some way. Late that evening, Fontenot telephoned Rychel and told him that she and Thomas had been in an accident while driving Rychel's car.

After a hearing, the trial court granted defendant Rychel's motion for summary judgment, severed the cause of action against him from the remaining unserved defendants, and entered a take-nothing judgment as to Rychel. This appeal follows.

In two points of error, Soodeen asserts that the trial court abused its discretion: (1) in holding that Rychel's affidavit was sufficient as a matter of law to support a summary judgment; and (2) in refusing to recognize other genuine issues of material fact that would preclude summary judgment.

The liability of the driver of Rychel's car is virtually uncontested. The only question before us is whether Rychel's affidavit and deposition conclusively negate Soodeen's claim of Rychel's negligent entrustment as a matter of law.

To obtain a summary judgment, a movant must establish that there is no genuine issue of material fact, and that he is entitled to judgment as a matter of law. *Swil-*

*ley v. Hughes,* 488 S.W.2d 64, 67 (Tex. 1972); *Drooker v. Sacilo Motors,* 756 S.W.2d 394, 396 (Tex.App.—Houston [1st Dist.] 1988, writ denied); Tex.R.Civ.P. 166a(c). A defendant/movant must provide summary judgment evidence showing that at least one element of the plaintiff's cause of action is established conclusively against the plaintiff. *See Gray v. Bertrand,* 723 S.W.2d 957, 958 (Tex.1987). Once the movant has established a right to summary judgment, the burden shifts to the nonmovant, who must then respond and present any issues to the trial court that would preclude summary judgment. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979); *Drooker,* 756 S.W.2d at 396. Every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in his favor. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985).

Rule 166a(c) permits the granting of a summary judgment on the basis of uncontroverted testimonial evidence of an interested witness, such as Rychel, if that evidence is clear, positive and direct, otherwise credible, and free from contradictions and inconsistencies, and could have been readily controverted. *Casso v. Brand,* 776 S.W.2d 551, 558 (Tex.1989).

■ To establish negligent entrustment in his suit against Rychel, Soodeen must prove: (1) Rychel's entrustment of the vehicle, as the owner; (2) to an unlicensed, incompetent, or reckless driver; (3) whom Rychel knew or should have known was unlicensed, incompetent, or reckless; (4) that the driver was negligent on the occasion in question; and (5) that the driver's negligence proximately caused the accident. *Schneider v. Esperanza Transmission Co.,* 744 S.W.2d 595, 596 (Tex. 1987); *Williams v. Steves Indus. Inc.,* 699 S.W.2d 570, 571 (Tex.1985).

Whether Rychel entrusted his vehicle to either Fontenot or Thomas is an element of Soodeen's negligent entrustment cause of action against Rychel, and is therefore a material fact in this case. If Rychel, as movant for summary judgment, conclusive-

ly proves that he did not entrust his automobile to either Angela Fontenot or Diana Thomas, he has negated one element of Soodeen's negligent entrustment cause of action against him, and he is entitled to a take-nothing summary judgment unless Soodeen presents controverting summary judgment evidence.

Soodeen asserts that Rychel's affidavit is insufficient to support a summary judgment in that it: (1) is not based on personal knowledge; (2) merely states conclusions; and (3) is not clear, direct, and positive. He further asserts that genuine issues of fact still exist as to: (1) whether Rychel had given Fontenot authorization to use his vehicle, and (2) Rychel's credibility in his deposition testimony.

We agree with Soodeen that a portion of Rychel's affidavit is insufficient to meet the requirement of rule 166a(c) that a summary judgment affidavit be based on personal knowledge, and not merely state conclusions ("It is my understanding Diana Thomas and/or Angela Fontenot were in [my] vehicle at the time of the accident with the plaintiff. I believe Diana Thomas was driving."). However, Rychel's proof of no entrustment does not turn on his later hearsay knowledge that either woman drove his car, if he had not consented to their doing so before they drove. We also agree with Soodeen that part of Rychel's affidavit fails to the requirement of rule 166a(c) that a movant's testimony be "clear, direct and positive" ("Further, these women did not request or ask permission to operate my vehicle prior to the time of the accident."). This negative statement does not negate Rychel's consent in some other way to one or both of the women operating his car, and is therefore of no value to Rychel in obtaining summary judgment.

However, the essential remaining portion of Rychel's affidavit, his statement reciting that "[b]oth of these ladies operated my car without my knowledge, consent or permission," is, on its face, based on Rychel's personal knowledge, clear, positive and direct, and is not simply a legal conclusion.

Both parties agree that there is no direct evidence from which a fact finder could conclude that Rychel entrusted his automobile to either Angela Fontenot or Diana Thomas. Soodeen argues, however, that Rychel's consent for one or the other of the women to operate his car may be inferred from indirect, or *circumstantial*, evidence from his deposition testimony.

This Court repeated and applied the established definition of "circumstantial evidence" in *Texas Department of Corrections v. Jackson*, 661 S.W.2d 154 (Tex.App. —Houston [1st Dist.] 1983, writ ref'd n.r. e.), where we stated:

> An ultimate fact may be established by circumstantial evidence, but the circumstances relied upon must have probative force sufficient to constitute a basis of legal inference. It is not enough that the facts raise a mere surmise or suspicion of the existence of the fact or permit a purely speculative conclusion. The circumstances relied on must be of such a character as to be reasonably satisfactory and convincing, and must not be equally consistent with the non-existence of the ultimate fact.

661 S.W.2d at 157 (citations omitted).

Soodeen argues that a fact finder might infer Rychel's consent for one or the other of the women to operate his car from Rychel's deposition testimony that: (1) he socialized with Fontenot during the year before the accident and visited her at her apartment on an estimated 20 occasions; (2) he let her sit in his car to wait for him to return and unlocked the car door so that she could do so; (3) he had earlier left an extra ignition key hidden in the car and admitted that a key was found in the car's ignition after the accident; and (4) he did not file theft charges against Fontenot when he returned, found his car gone, and suspected that she had taken it.

We view these "facts" as providing no more than a surmise or suspicion of what Soodeen would infer as an ultimate fact, viz., that Rychel consented for Fontenot to operate his car. We find these facts to be "equally consistent with the non-existence of the ultimate fact." *See Jackson*, 661 S.W.2d at 157. Past socializing between persons is not the equivalent of one of

them automatically consenting to allow the other to drive his car. A's unlocking his automobile for the stated purpose of allowing a friend, B, to sit in it until A returns, is more indicative of an agreement that A will chauffeur B upon his return rather than that A consents for B to drive the car in A's absence.

The mere existence of a hidden key in an automobile does not constitute unspoken or implied consent that either friends or strangers have permission to use it. Fontenot's act of finding and using Rychel's hidden key proves no more than that she in fact found and used the key; it does not imply that Rychel was willing for her to use it. Neither does Rychel's failure to file charges against Fontenot form the basis for an inference that Rychel had given his permission to use the vehicle. People do not always file theft charges against friends—or former friends—who use their personal property without permission, particularly when the friend apologetically reports the fact shortly after the event.

Further, the facts Soodeen highlights are not inconsistent with other portions of Rychel's testimony. In addition to his affidavit statement that "[b]oth of these ladies operated my car without my knowledge, consent or permission," Rychel also testified unequivocally in his deposition that: (1) he did not give Fontenot his keys when he unlocked the car door, but put his keys back in his pocket and left with them; (2) Fontenot had never driven Rychel's car before, had never asked to, and had not asked him to drive it on this occasion, but merely asked Rychel to drive her; and (3) Rychel did not tell Fontenot where the hidden key was, and was unaware she knew where it was, if she did. We find that the facts Soodeen highlights are no basis for an inference that Rychel consented for Fontenot to operate his car. Rychel's affidavit and deposition testimony are "free from contradictions and inconsistencies" and show an unwavering denial of consent for either woman to drive his car.

A person's consent for another to operate his automobile *can* be proved by circumstantial evidence. In *Drooker*, the de-

fendant-movant did not show its lack of consent to the driver's operation of its vehicle as a matter of law. 756 S.W.2d at 399. Unlike our case, in *Drooker*, the direct deposition testimony of the driver, Murphy, showed that he had driven the defendant/movant's car on many prior occasions with the knowledge and consent of the defendants' other employees. *Id.* Further testimony showed that defendant's employee, Colaneri, who was supposed to have the exclusive use of the "loaner" vehicle in question, was aware that Murphy was driving the defendants' cars. *Id.* We held in *Drooker* that these two items of evidence were "some evidence" that the defendants authorized Murphy to drive their vehicles generally, thus raising a material fact issue as to whether the defendant entrusted the loaned vehicle to Murphy. *Id.*

The direct evidence in *Drooker* (that other defendants' employees had consented for Murphy to drive defendants' cars on many occasions, and that Collaneri, the assigned driver of the car in question, was aware that Murphy was driving the defendants' cars) provided more than surmise or suspicion of the existence of the fact to be inferred (that the defendants entrusted their vehicles to Murphy). The primary facts proved were not, as in the present case, equally consistent with the nonexistence of the fact sought to be proved by inference. *See also Royal Indem. Co. v. Abbott & Sons, Inc.*, 399 S.W.2d 343, 347 (Tex.1966) (on stronger facts than shown here, Court found no evidence of either relationship or prior course of conduct between employer and his employee, from which fact finder could infer implied permission to operate pickup truck).

■ We conclude that we are bound by the holdings in *Drooker* and in *Royal Indemnity Co.*, which declare the evidence such as that present here to be insufficient as a matter of law. We recognize the requirement of rule 166a(c) that an interested witness' uncontroverted testimony must be such that it could "have been readily controverted," and is "otherwise . credible to support a summary judgment."

The supreme court has recently explained the nature of this rule:

> We believe that *"could have been readily controverted"* does not simply mean that the movant's summary judgment proof could have been easily and conveniently rebutted. Rather, it *means that testimony at issue is of a nature which can be effectively countered by opposing evidence.* If the credibility of the affiant or deponent is likely to be a dispositive factor in the resolution of the case, then summary judgment is inappropriate. On the other hand, if the nonmovant must, in all likelihood, come forth with independent evidence to prevail, then summary judgment may well be proper in the absence of such controverting proof.

*Casso,* 776 S.W.2d at 558 (emphasis added).

To prevail at trial, Soodeen would be required to affirmatively prove that Rychel negligently entrusted his vehicle to Fontenot or Thomas. It is not enough that a jury might disbelieve Rychel's testimony. *Casso,* 776 S.W.2d at 558.

> While it is conceivable that a defendant's trial testimony, under the rigors of cross-examination, could provide that requisite proof, it is more likely that plaintiff will have to secure that evidence elsewhere. If he cannot secure it during the discovery process, he is unlikely to stumble on it at trial.

*Id.* at 558–59.

Soodeen, as the nonmovant opponent of summary judgment, filed no response challenging Rychel's credibility, and offered no summary judgment proof to rebut Rychel's affidavit and deposition evidence that Rychel did not entrust his vehicle to either possible driver. The affidavit of Soodeen's attorney, attached to Soodeen's responses to Rychel's motion for summary judgment, is ineffectual to oppose the motion because the affidavit fails to demonstrate how the attorney is a competent witness to testify regarding negligent entrustment. *See Carr v. Hertz Corp.,* 737 S.W.2d 12, 13–14 (Tex.App.—Corpus Christi 1987, no writ). Therefore, Rychel, as summary judgment movant, provided unrefuted evidence to de-feat the first element of Soodeen's negligent entrustment cause of action, namely, that Rychel did not entrust his automobile to either Fontenot or Thomas. *See Drooker,* 756 S.W.2d at 399. Summary judgment was proper.

Soodeen's two points of error are overruled.

The judgment is affirmed.

MIRABAL, J., dissents.

MIRABAL, Justice, dissenting.

I respectfully dissent.

The gist of appellee's affidavit and deposition testimony is that he did not entrust his automobile to either Fontenot or Thomas, and that the vehicle was being operated without his knowledge, consent or permission. His testimony is uncontroverted by any direct evidence; there is no affidavit or deposition testimony from Fontenot or Thomas or anyone else stating that appellee *did* give Fontenot or Thomas permission to drive his car.

At the time of the summary judgment proceeding, Fontenot and Thomas were named with appellee as defendants, but the record does not indicate that either Fontenot or Thomas were ever served with process. At the time of his deposition, appellee testified that he had talked to Fontenot on only two occasions since the accident, and that he did not know the present whereabouts of either Fontenot or Thomas.

Rule 166a(c) permits the granting of a summary judgment on the basis of "uncontroverted" testimony of an interested witness if that evidence is "clear, positive, and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted." TEX.R.CIV.P. 166a(c). If the credibility of the affiant is likely to be a dispositive factor in the resolution of the case, then summary judgment is inappropriate. *Casso v. Brand,* 776 S.W.2d 551, 558 (Tex. 1989).

Even though there is no direct evidence contradicting appellee's denial of having given Fontenot or Thomas permission to use his car on the date of the accident, I

believe there is circumstantial evidence from which a fact finder might reasonably infer that Fontenot had appellee's express or implied permission to use the automobile. Therefore, I believe appellee's credibility is likely to be a dispositive factor, and thus that summary judgment is inappropriate.

Appellee admitted that he had had a year-long social relationship with Fontenot and that he had visited her at her apartment on an estimated 20 occasions. He also admitted that he gave Fontenot access to his car on the day of the accident. He stated he authorized Fontenot to "sit" in his car for approximately six hours, from 3:00 p.m. through the normal dinner hour to approximately 9:00 p.m. He further admitted that he kept a spare key in the glove compartment of the car, and that this key was found in the ignition after the accident. When appellee first reported his car was missing, he did not state it had been stolen, because he "really hadn't thought about it"; instead, he told the officer that he was concerned it might have been in an accident.

Although a jury might be persuaded by appellee's denial that he had given Fontenot permission to use his car, it might also disbelieve appellee and instead reach the conclusion, based upon the circumstances presented, that appellee had given Fontenot express or implied permission to use the automobile as long as she was back at the school by the time he returned from coaching the game.

The majority holds that the circumstantial evidence presented in this summary judgment record is not sufficient to raise a fact issue, citing *Texas Department of Corrections v. Jackson*, 661 S.W.2d 154, 157 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.). I respectfully submit that the standard of review applicable to the *Jackson* case is different from the standard of review applicable to this summary judgment case. In *Jackson*, this Court held that the circumstantial evidence was factually insufficient to support the jury's finding of proximate cause, reasoning that the prevailing party had the burden to es-

*tablish* the ultimate fact of proximate cause by a preponderance of the evidence, and the circumstantial evidence was insufficient to satisfy the burden. In this summary judgment case, the issue is whether the circumstantial evidence *raises a fact issue* about the ultimate fact of consent. The burden was on appellee here to demonstrate the lack of a genuine issue of material fact regarding "consent" as a matter of law, and all doubts are resolved against appellee as the movant. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678–79 (Tex.1979). A movant has met the burden if he or she produces evidence that would be sufficient to support an instructed verdict at trial. *Braden v. New Ulm State Bank*, 618 S.W.2d 780, 782 (Tex. Civ.App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.).

In *Drooker v. Saeilo Motors*, 756 S.W.2d 394 (Tex.App.—Houston [1st Dist.] 1988, writ denied), we affirmed a take-nothing summary judgment in favor of one defendant in a negligent entrustment suit, because that defendant's sworn denial of entrustment was not contradicted by either direct or circumstantial proof. *Id.* at 399. We reversed and remanded, however, as to the remaining defendants, because of circumstantial proof from which a jury might reasonably have inferred that those defendants had given express or implied authority to the driver of the vehicle. In that case, the circumstantial proof consisted of evidence that the employee had driven the defendants' vehicles on prior occasions with the knowledge and consent of other employees, and that one of the defendants' managers was aware of such use. *Id.* at 399. We held that such circumstantial evidence constituted "some evidence" that the defendants had authorized the employee to drive the defendants' vehicles in general. *Id.* at 399; *see also Firestone Tire & Rubber Co. v. Blacksher*, 477 S.W.2d 338, 340 (Tex.Civ.App.—El Paso 1972, no writ) (permission to drive a motor vehicle may be express or implied).

Here, the circumstantial proof is not as strong as the proof discussed in *Drooker*. However, I believe a jury could reasonably infer, from all the circumstances shown, that appellee had given Fontenot either express or implied authority to drive his auto-

mobile. Since I conclude that appellee's credibility will likely be a dispositive factor in the case, I would hold that the summary judgment was improper.

Accordingly, I would reverse the take-nothing summary judgment, and remand the cause for trial.