Opinion issued March 23, 2006












     





In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00941-CV




REGINALD O’NEAL BOWIE, SR., Appellant

V.

GLORIA BROUSSARD, Appellee




On Appeal from the 25th District Court
Colorado County, Texas
Trial Court Cause No. 20,511-A




MEMORANDUM OPINION
          Appellant, Reginald O’Neal Bowie, Sr., brings this appeal from a no-evidence
summary judgment granted in favor of appellee, Gloria Broussard. In two issues,
Bowie contends that the trial court erred in (1) granting Broussard’s motion for
summary judgment and (2) considering Broussard’s deposition testimony as summary
judgment evidence because it was not free from contradictions. We affirm.
BACKGROUND
          According to the allegations of the Bowie’s petition, the background giving
rise to this case is as follows. On August 30, 2001, Bowie was driving west on
Interstate Highway 10, when he saw Lisa Jane Barakat lose control of the 1995
Oldsmobile Cutlass Supreme that she was driving and strike a light pole, which fell
into the roadway. Bowie got out of his car to check on Barakat. Two cars traveling
behind Bowie struck the light pole, causing the light pole to hit Bowie. As a result
of his injuries, Bowie sued Barakat for negligence and appellee, Broussard, the owner
of the car that Barakat was driving, for negligent entrustment. 
          Broussard filed a combined traditional motion for summary judgment and no-evidence motion for summary judgment, attacking the “entrustment” element of
Bowie’s negligent entrustment cause of action. The trial court specifically granted
the no-evidence portion of Broussard’s motion for summary judgment. The trial court
then severed Bowie’s claims against Broussard from his remaining claims against
Barakat, thus making the no-evidence summary judgment final for purposes of this
appeal.
 
PROPRIETY OF NO-EVIDENCE MOTION FOR SUMMARY JUDGMENT
          In issue one, Bowie contends that the trial court erred by granting Broussard’s
no-evidence motion for summary judgment. Specifically, he contends that he
presented sufficient evidence to raise a fact question on the issue of whether
Broussard entrusted her car to Barakat.
Standard of Review
          In a no-evidence summary judgment motion under rule 166a(i), the movant
must specifically state the elements for which there is no evidence. Tex. R. Civ. P.
166a(i). The burden then shifts to the non-movant to bring forth evidence that raises
a fact issue on the challenged elements. Id. When reviewing the granting of a
no-evidence summary judgment motion, we review the evidence in the light most
favorable to the non-movant, disregarding all contrary evidence and inferences.
Macias v. Fiesta Mart, Inc., 988 S.W.2d 316, 317 (Tex. App.—Houston [1st Dist.]
1999, no pet.). A no-evidence summary judgment motion is improperly granted if the
non-movant brings forth more than a scintilla of evidence to raise a genuine issue of
material fact. Tex. R. Civ. P. 166a(i). Less than a scintilla of evidence exists when
the evidence is “so weak as to do no more than create a mere surmise or suspicion.”
Macias, 988 S.W.2d at 317 (citing Kindred v. Con/Chem, Inc., 650 S.W.2d 61, 63
(Tex. 1983)). Conversely, more than a scintilla of evidence exists when the evidence
“rises to a level that would enable reasonable and fair-minded people to differ in their
conclusions.” Id. (citing Burroughs Wellcome Co. v. Crye, 907 S.W.2d 497, 499
(Tex. 1995)). We will not consider evidence attached to a no-evidence motion unless
it creates a fact issue. See Binur v. Jacobo, 135 S.W.3d 646, 651 (Tex. 2004),
Scurlock v. Pennell, 177 S.W.3d 222, 113 (Tex. App.—Houston [1st Dist.] 2005, no
pet). Because the propriety of granting a summary judgment is a question of law, we
review the trial court’s decision de novo. Natividad v. Alexsis, Inc., 875 S.W.2d 695,
699 (Tex. 1994). 
Negligent Entrustment
          To establish negligent entrustment of an automobile, a plaintiff must show the
following: (1) entrustment of a vehicle by the owner, (2) to an unlicenced,
incompetent, or reckless driver, (3) whom the owner knew or should have known to
be unlicensed, incompetent, or reckless; (4) the driver was negligent on the occasion
in question; and (5) the driver’s negligence proximately caused the accident. 
Schneider v. Experanza Transmission Co., 744 S.W.2d 595, 596 (Tex. 1987).
          In her no-evidence motion for summary judgment, Broussard contends that
there was no evidence of the first element of negligent entrustment, i.e., no evidence
that Broussard gave Barakat permission to use her car. “Express permission is that
which is affirmatively stated, while implied permission may be inferred from conduct
between the parties in which there is acquiescence or lack of objection signifying
consent.” Jamar v. Patterson, 910 S.W.2d 118, 121 (Tex. App.—Houston [14th
Dist.] 1995, writ denied). 
          In Royal Indemnity Company v. H. E. Abbott & Sons, Inc., 399 S.W.2d 343
(Tex. 1966), the Court addressed the issue of implied permission, saying: “While
express permission must be affirmatively stated, implied permission may be inferred
from a course of conduct or relationship between the parties in which there is mutual
acquiescence or lack of objection signifying consent. It is usually shown by usage and
practice of the parties over a period of time preceding the occasion on which the
automobile was being used.” Id. at 345.
          In his response to the no-evidence motion for summary judgment, Bowie
argued that the following evidence raised a fact issue on the element of entrustment.
1.Broussard and Barakat were neighbors and friends. In fact,
Barakat lived next door to Broussard with Broussard’s brother,
who was the father of Barakat’s son.
 
2. Barakat had access to the car, which was parked in their joint
back yard. Half of the key to the car was broken off in the
ignition, and the other half of the key was on the floorboard.
 
3. Barakat “rode in” the car plenty of times with Broussard or her
brother.
 
4. On one occasion, Barakat had express permission to drive the car. 
She drove Broussard to the doctor when Broussard was too sick
to drive herself.
 
5. Broussard had never told her not to drive the car.
 
6. Broussard did not file charges against Barakat after learning that
Barakat had taken Broussard’s car without permission.

          We agree with Broussard that none of the evidence detailed above raises a fact
issue on the element of entrustment. In Soodeen v. Rychel, 802 S.W.2d 361 (Tex.
App.—Houston [1st Dist.] 1990, writ denied), the plaintiff argued that the following
evidence raised a fact issue on entrustment: (1) the owner of the car socialized with
the driver and had visited with her on 20 occasions, (2) the owner of the car unlocked
it so that the driver could sit in it and wait for him to return, (3) the owner had left an
extra ignition key hidden in the car; (4) and the owner did not file charges against the
driver after he found that his car was gone, even though he suspected that the driver
had taken it. Id. at 363. This Court held that these “facts” provided no more than a
surmise or suspicion that the owner had consented for the driver to operate the car. 
Id. 
          Like the driver in Soodeen, the fact that a key, albeit a broken key, was left in
the car is not evidence that friends had permission to drive Broussard’s car. See
Soodeen, 802 S.W. 2d at 364. Similarly, the fact that Broussard did not file charges
against Barakat is no evidence that she had given Barakat permission to drive the car. 
As we stated in Soodeen, “People do not always file theft charges against friends—or
former friends—who use their personal property without permission . . . .” Id.
          In Royal Indemnity, the driver was a ranch hand who had on three or four prior
occasions been given permission by the owner to drive his truck off of the ranch to
pick up children at a bus stop. 399 S.W.2d at 345. The owner of the truck had never
explicitly told the driver that he could not drive the truck off of the ranch. Id. The
Texas Supreme Court held that this evidence did not show a relationship or a prior
course of conduct from which implied permission to drive the truck off of the ranch
could be inferred. Id. at 347.
          In this case, the only time that Barakat had been given express permission to
drive Broussard’s car was when Broussard was too sick to drive herself. Broussard
had never told Barakat that she could not drive the car, because Barakat had never
asked. We conclude that, like the circumstances on Royal Indemnity and Soodeen,
the evidence relied upon by Bowie to defeat Broussard’s no-evidence motion for
summary judgment provides no more than “a surmise or suspicion” that Broussard
had given Barakat permission to drive the car. As such, Bowie fails to raise a fact
issue necessary to defeat Broussard’s no-evidence motion for summary judgment.
          Accordingly, we overrule issue one.
BROUSSARD’S DEPOSITION TESTIMONY
          In issue two, Bowie contends that the trial court erred in considering the
excerpts from Broussard’s deposition, which were attached to Broussard’s motion for
summary judgment as evidence. Specifically, Bowie contends that Broussard’s
deposition testimony was inadmissible under Rule 166a(c) of the Texas Rules of Civil
Procedure because it was the uncontroverted testimonial evidence of an interested
witness, but it was not clear, positive and direct, [and] otherwise free from
contradictions and inconsistencies.
          However, the record shows that the trial court specifically granted the no-evidence portion of Broussard’s motion for summary judgment. As such, the
evidence attached to Broussard’s motion for summary judgment is irrelevant, to the
extent that it does not raise a fact issue. See Binur, 135 S.W.3d at 651.
          Accordingly, we overrule issue two.
CONCLUSION
          We affirm the judgment of the trial court.
 
 
                                                                        Sherry Radack
                                                                        Chief Justice

Panel consists of Chief Justice Radack and Justices Jennings and Alcala.