**AFFIRM; and Opinion Filed July 31, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-01367-CV

**MEHRDAD MAZAHERI, M.D., D/B/A THE LASIK CENTER, Appellant**
**V.**
**AHMAD RAZA TOLA, Appellee**

**On Appeal from the 116th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-03577**

## MEMORANDUM OPINION

Before Justices Bridges, Brown, and Nowell
Opinion by Justice Brown

This is an interlocutory appeal from the trial court's orders granting appellee Ahmad Raza Tola's motions to dismiss and for attorney's fees, sanctions, expenses, and costs under the Texas Citizens Participation Act (TCPA) *See* TEX. CIV. PRAC. & REM. CODE ANN. §27.001–.011. Appellant Mehrdad Mazaheri, M.D., d/b/a The Lasik Center, sued Tola for defamation and defamation *per se* in connection with online reviews posted by Tola. In six issues, Mazaheri contends the trial court erred in (1) granting the motion to dismiss because Mazaheri established by clear and specific evidence a prima facie case for his defamation *per se* cause of action; (2) denying Mazaheri's motion for limited discovery and to reschedule a hearing on the motion to dismiss; (3) granting Tola's motion to strike affidavit testimony; and (4) awarding attorney's fees to Tola and not to Mazaheri. For the following reasons, we affirm the trial court's order.

BACKGROUND

Mazaheri, a doctor, operates the Lasik Center in Richardson, Texas. Tola consulted Mazaheri about Lasik surgery and paid a deposit for the surgery, but then decided against it. According to Mazaheri's petition, Tola "threatened to write negative reviews on social media if Mazaheri did not make an acceptable payment to Tola after Tola canceled the medical treatment," Mazaheri refused, and Tola "subsequently posted false statements on social media regarding Mazaheri." Mazaheri asserted claims against Tola for defamation and defamation *per se*.

Tola moved to dismiss Mazaheri's action under the TCPA because it was filed against Tola in retaliation for the online reviews, an exercise of Tola's right of free speech, and Mazaheri could not satisfy his burden of producing clear and specific evidence establishing a prima facie case of each element of his claims to avoid dismissal under the TCPA. Tola also sought attorney's fees and sanctions.

Following a hearing, the trial court granted Tola's motion to dismiss Mazaheri's defamation and defamation *per s*e claims. Thereafter, Tola filed a separate motion for attorney's fees, sanctions, expenses, and costs, attaching evidence in support of the attorney's fees requested. The trial court granted the motion and entered an order awarding attorney's fees, expenses, and sanctions in favor of Tola. Mazaheri appeals the trial court's orders.[1]

TCPA DISMISSAL

The TCPA sets out a two-step procedure to expedite the dismissal of claims brought only to intimidate or silence a defendant's exercise of First Amendment rights. *See* CIV. PRAC. & REM. §§ 27.002, .003(a), .005; *ExxonMobil Pipeline Co. v. Coleman*, 512 S.W.3d 895, 898 (Tex. 2017)

---

[1] Before the hearing on the motion to dismiss, Mazaheri supplemented his petition to add claims for breach of contract and quantum meruit against Tola. Mazaheri subsequently filed a motion to nonsuit those claims. The trial court entered an order of nonsuit, which, in conjunction with its TCPA dismissal order and order awarding attorney's fees, expenses, and sanctions, constituted a final order disposing of all of Mazaheri's claims.

(per curiam). To assert a motion to dismiss under the TCPA, a party must show by a preponderance of the evidence that a claim "is based on, relates to, or is in response to the [movant's] exercise of: (1) the right of free speech; (2) the right to petition; or (3) the right of association." *Id.* §§ 27.003(a), .005(b); *Dallas Morning News, Inc. v. Hall*, 2019 WL 2063576, at *4–5 (Tex. May 10, 2019). The burden then shifts to the nonmovant to establish by "clear and specific evidence a prima facie case for each essential element of the claim in question." CIV. PRAC. & REM. § 27.005(c). Even if the nonmovant satisfies the second step, the trial court must dismiss the claim if the movant "establishes by a preponderance of the evidence each essential element of a valid defense to the nonmovant's claim." *Id*. § 27.005(d).

When deciding whether to dismiss a legal action under the TCPA, the trial court must consider "the pleadings and supporting and opposing affidavits stating the facts on which the liability or defense is based." *Id.* § 27.006(a). The TCPA does not define the phrase "clear and specific evidence," but the supreme court has held the standard requires more than mere notice pleadings and a plaintiff "must provide enough detail to show the factual basis for its claim." *In re Lipsky*, 460 S.W.3d 579, 591 (Tex. 2015). A prima facie case "refers to evidence sufficient as a matter of law to establish a given fact if it is not rebutted or contradicted" or, stated another way, it is the "minimum quantum of evidence necessary to support a rational inference that the allegation of fact is true." *Id* at 590. We review de novo whether a party carried its assigned burden. *Hall*, 2019 WL 2063576, at *4–5.

A defamatory statement is one that tends to injure a person's reputation; such a statement is defamatory *per se* if it injures a person in the person's office, profession, or occupation. *Hancock v. Variyam*, 400 S.W.3d 59, 62 (Tex. 2013). To maintain a defamation claim, the plaintiff must prove (1) the defendant published a false statement of fact, (2) the statement defamed the plaintiff, (3) the defendant acted with actual malice, if the plaintiff is a public figure or a public

–3–

official, or negligently, if the plaintiff is a private individual, and (4) the statement proximately caused damages. *See Anderson v. Durant*, 550 S.W.3d 605, 617–18 (Tex. 2018); *WFAA-TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998). For a defamation *per se* claim, a plaintiff must prove the first three elements, but not the fourth element because the common law deems such statements so obviously hurtful that the jury may presume general damages. *Anderson*, 550 S.W.3d at 618.

The threshold question in a defamation case is whether the words used "are reasonably capable of a defamatory meaning." *Musser v. Smith Protective Servs., Inc.*, 723 S.W.2d 653, 655 (Tex. 1987). To be defamatory, a publication "should be derogatory, degrading, somewhat shocking, and contain elements of disgrace." *Better Bus. Bureau of Metro. Houston, Inc. v. John Moore Servs., Inc.*, 441 S.W.3d 345, 356 (Tex. App.—Houston [1st Dist.] 2013, pet. denied). A publication that is "merely unflattering, abusive, annoying, irksome or embarrassing, or that only hurts the plaintiff's feelings, is not actionable." *Id.* Unless a publication is ambiguous, the question of whether it is reasonably capable of a defamatory meaning is a question of law, which we review de novo. *See Turner v. KTRK Television, Inc.*, 38 S.W.3d 103, 114 (Tex. 2000). The "inquiry is objective, not subjective." *New Times, Inc. v. Isaacks*, 146 S.W.3d 144, 157 (Tex. 2004). Whether a publication is defamatory is not determined based on individual statements read in isolation. *Turner*, 38 S.W.3d at 114–15. Instead, the determination is whether, construed as a whole in light of the surrounding circumstances, a person of ordinary intelligence would perceive the publication to be defamatory. *Id.*

If a statement is not verifiable as false, it is not defamatory. *Neely v. Wilson*, 418 S.W.3d 52, 62 (Tex. 2013) (citing *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 21–22 (1990)). Even if a statement is verifiable as false, it does not give rise to liability if the "entire context in which it was made" discloses that it is merely an opinion masquerading as a fact. *Backes v. Misko*, 486 S.W.3d

–4–

7, 24 (Tex. App.—Dallas 2015, pet. denied); *see Bentley v. Bunton*, 94 S.W.3d 561, 581 (Tex. 2002) (whether to classify a statement as fact or opinion is based on statement's verifiability and entire context in which statement is made).

Mazaheri concedes, and his petition makes clear, that his claims fall under the TCPA because they are based on Tola's exercise of his right of free speech. However, Mazaheri contends the trial court erred in granting the motion to dismiss because he established by clear and specific evidence a prima facie case for each element of his defamation *per se* claim.[2] *See id.* § 27.005(c). In support, he directs us to the following statements, which he asserts are false, in Tola's online review: (1) it takes two weeks to recover from a PRK procedure; (2) it does not make sense to perform a topography test the morning of the procedure; (3) Tola conferred with multiple doctors; (4) Mazaheri misrepresented the cost of the eye examination and initial visit; and (5) Mazaheri would solely charge the insurance company. Mazaheri also argues the post impliedly alleges insurance fraud, criminal attempt, and criminal conspiracy on the part of Mazaheri. According to Mazaheri, these false statements defamed his skill as a physician.

The statements Mazaheri complains of are contained in the following post Tola published on the website ripoffreport.com:[3]

> was interested in Lasik surgery and so I looked for the doctor in my insurance network since I was getting 15% discount from my insurance. I called them to get an appointment and they said eye exam is free and i got the appointment for 23 Jan. When I reached there they asked me for my insurance and asked me to-do paper work. After paper work Doctor Assistant talked to me and said if you are interested in the surgery than you need to deposit 500 dollars today and there is no fee for eye examination. Then Dr. Mazaheri came and told me according my prescription I am eligible for PRK which is better than LASIK and recovery time is two days without doing any tests and told me it will cost me 3800 after the discount. I showed interest and deposited $500. After that his assistant puts some drops in my eyes and took the eye pressure and given me prescriptions and asked me to do some more paper work that if something goes wrong I will be responsible. [continued below].

---

[2]  Mazaheri does not challenge the dismissal of his defamation claim in this appeal.

[3]  Tola also posted reviews on Google, Healthgrades.com, and the Better Business Bureau's website, but removed the posts after receiving a cease and desist letter from Mazaheri's attorney. Tola was unable to remove the ripoffreport.com post.

. . . . . After coming home I did some research and discuss with my friends who gone through the process in past they said PRK takes couple of weeks to get recover instead of two days and asked me about topography test which is done to check eligibility for surgery.

I called the Doctor and asked him why he has not done the topography he said he will do on the day of surgery which does not make sense so i asked him again but he was not able to satisfy me. I was not satisfied with his answer and consulted with other doctors and decided not to go for surgery with him because he is not able to satisfy me. So I called them his assistant answered the call I told her I have change my mind and I don't want to for surgery. She asked me to hold and given the phone to doctor and I said same thing to him and asked him about my deposit. DR started making excuses and told me he has spent time on me so he will do some calculations and their manager will call me next day that how much money I will get back. Next day I waited whole day I haven't received any call from them so I called them at the end of the day and asked them about my deposit. They said they will only give me $250 back since I already signed the papers and they already informed me that they will charge $250 for test if will not go surgery. And If I need the papers I should right the letter to them and they will mail all the papers. I said I will complain about you since you have changed your statement. He said you are threatening me to get the money back which is crime. I do not give you the money back you can do whatever you want and hung up the phone on me[.]

We address the statements that Mazaheri contends are false in turn.

*Recovery Time*

Tola's post explains that, after Mazaheri told him the recovery time for PRK was two days, Tola did some research and spoke with friends who advised that it takes a couple of weeks to recover from PRK. By affidavit, Mazaheri testified the statement that recovery takes a "couple of weeks" is false because Mazaheri had recommended an "advanced PRK" in which a patient heals faster (generally less than three days). Tola's post, however, simply relates that friends who had undergone PRK in the past told Tola recovery takes a couple of weeks. The post does not distinguish between "PRK" and "advanced PRK." Mazaheri has not established by clear and

specific evidence that Tola's statement was false.[4]  At best, Mazaheri establishes Tola may have misunderstood which PRK procedure Mazaheri intended to perform.

*Topography Test*

According to Tola's post, his friends asked about the "topography test which is done to check eligibility for surgery."  Tola asked Mazaheri about the test, and Mazaheri said he would do it the day of surgery.  This did not make sense to Tola, he asked Mazaheri about the test again, but Mazaheri was "not able to satisfy" him.  Tola then consulted with other doctors and decided not to have surgery with Mazaheri, who was "not able to satisfy" Tola.  Mazaheri's affidavit states performing the topography the morning of the surgery "makes sense" because "it will provide the freshest results, and thus the most accurate results" and Tola's statement to the contrary is "patently false."  Tola's statement that it did not make sense, however, was his subjective opinion; the fact that Mazaheri has an explanation for performing the topography test the day of surgery does not establish Tola's statement was false.  *See, e.g., Healey v. Healey*, 529 S.W.3d 124, 129, 131 (Tex. App.—Tyler 2017, pet. denied) ("A defamatory statement must be sufficiently factual to be susceptible of being proved objectively true or false, as contrasted from a purely subjective assertion," which is not actionable as defamation).  Nor did Mazaheri present evidence to establish the statement that Tola consulted other doctors was false.[5]

*Billing*

According to Tola's statement, he looked for a doctor in his insurance network to take advantage of a fifteen percent discount.  When he made his appointment, he was told the eye exam would be free.  At the appointment, he was asked for his insurance and a "doctor assistant"

---

[4]  Indeed, Mazaheri's affidavit, while asserting Tola's recovery time would be significantly less than two weeks "in part due to the nature of Tola' s procedure and also due Tola being in his twenties," acknowledged that "every patient and procedure is different, and thus the recovery time for different patients is different."

[5]  In his affidavit, Mazaheri expressed his "belie[f]" that the statement Tola consulted with other doctors is false.  The trial court, however, sustained Tola's objection to, and struck, that portion of the affidavit.  As discussed *infra*, we conclude the trial court did not abuse its discretion in doing so.

informed him that, if he was interested in the surgery he needed to pay a $500 deposit and there was no fee for the eye exam. During the appointment, Mazaheri told Tola the surgery would cost Tola $3800 after the discount. Later, when Tola called about a refund of his deposit, the "manager" said they would give him $250 because Tola had signed papers and they had informed Tola they would charge $250 "for test" if he did not have surgery. Tola said he would complain because he was told otherwise, and the manager, accusing Tola of threatening him, said he would not refund the money and hung up.

Mazaheri first contends statements in Tola's post falsely accuse him of misrepresenting the eye examination would be free if Tola did not have surgery and improperly retaining Tola's funds. In support, Mazaheri cites the fact that Tola executed a document describing "a cancellation fee that varies based upon the amount of work performed prior to the cancellation." Mazaheri, however, did not produce any evidence regarding what either the person who made Tola's appointment over the phone or the "doctor-assistant" told Tola regarding the fee, if any, for the eye exam. Further, Tola's statement does not specify that he was told the eye exam would be free *if he did not have the surgery*.

Citing the post's statements that "they" asked for Tola's insurance and Mazaheri advised Tola the total cost of the procedure would be $3800 after the insurance discount, Mazaheri next contends the post misrepresented that Mazaheri would solely charge the insurance company and alleged conduct tantamount to insurance fraud, criminal attempt, and criminal conspiracy. However, the post simply does not state, or even imply in any way, that Mazaheri "would solely charge the insurance company." To the contrary, it states that Mazaheri informed Tola that the procedure would "cost [Tola] 3800 after the discount" was applied. Nor does the post allege, either directly or by implication, conduct by Mazaheri that in any way could be construed as illegal, either as insurance fraud, criminal attempt, or criminal conspiracy.

To avoid dismissal under the TCPA, Mazaheri had the burden of establishing by clear and specific evidence a prima facie case for each essential element of his defamation *per se* claim. *See* § 27.005(c). Considering the pleadings and supporting and opposing affidavits in the light most favorable to Mazaheri, *see Dyer v. Medoc Health Servs. LLC*, 573 S.W.3d 418, 424 (Tex. App.—Dallas 2019, pet. denied), we conclude Mazaheri has not presented clear and specific evidence that Tola published a false statement of fact, one of the elements required to maintain Mazaheri's defamation *per se* claim. *See Lipsky*, 460 S.W.3d at 593. Accordingly, the trial court did not err in granting Tola's motion to dismiss. We overrule Mazaheri's first issue.

DISCOVERY

In his fifth issue, Mazaheri contends the trial court erred in denying his motion for limited discovery and to reschedule the hearing on Tola's motion to dismiss. We review discovery orders for an abuse of discretion. *See In re Elliott*, 504 S.W.3d 455, 459 (Tex. App.—Austin 2016, orig. proceeding). A trial court abuses its discretion when it acts arbitrarily or unreasonably, or without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

The filing of a TCPA motion to dismiss typically suspends all discovery until the trial court rules on the motion. *See* CIV. PRAC. & REM. § 27.003(c); *Greer v. Abraham*, 489 S.W.3d 440, 443 (Tex. 2016). Section 27.006, however, authorizes a trial court to permit limited discovery relevant to the motion on a showing of good cause. CIV. PRAC. & REM. § 27.006(b); *Greer*, 489 S.W.3d at 443. Discovery is relevant to a TCPA motion to dismiss if it seeks information related to the allegations asserted in the motion or to meet the prima facie burden imposed by the TCPA. *See In re SPEX Group US LLC*, No. 05-18-00208-CV, 2018 WL 1312407, *4–5 (Tex. App.—Dallas Mar. 14, 2008, orig. proceeding [mand. dism'd]) (mem. op).

–9–

Mazaheri contends discovery was warranted so he could learn if there were more posts by Tola and the identities of the other doctors with whom Tola conferred. Mazaheri's motion for limited discovery, however, simply requested the discovery "so it may be used at the hearing on the motion to dismiss." Mazaheri did not explain in his motion, or to the trial court at the hearing on his motion, how particularly the information he sought was relevant to defending against Tola's motion to dismiss. Accordingly, we conclude the trial court did not abuse its discretion in denying the motion. *See, e.g., In re D.C.*, 05-13-00944-CV, 2013 WL 4041507, at *1 (Tex. App.—Dallas Aug. 9, 2013, orig. proceeding) (mem. op.) (simply asserting a need for discovery to defend a motion to dismiss is not sufficient to show good cause under the terms of the statute). We overrule Mazaheri's fifth issue.

ADMISSIBILITY OF AFFIDAVIT EVIDENCE

In his second issue, Mazaheri complains the trial court erred in granting Tola's motion to strike portions of Mazaheri's affidavit and an affidavit by Mazaheri's counsel. We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *See Collin County v. Hixon Family Partnership, Ltd.*, 365 S.W.3d 860, 876–77 (Tex. App.—Dallas 2012, pet. denied).

To be relevant, evidence must have any tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action. *See* TEX. R. EVID. 401. An affidavit not based on personal knowledge is legally insufficient. *Valenzuela v. State County Mutual Fire Ins. Co.*, 317 S.W.3d 550, 553–54 (Tex. App.—Houston [14th Dist.] 2010, no pet.); *see also* TEX. R. EVID. 602. An affidavit must explain how the affiant has personal knowledge; an affidavit's recitation that it is based on personal knowledge is inadequate if the affidavit does not positively show a basis for the knowledge. *Valenzuela*, 317 S.W.3d at 553–54. Conclusory statements in affidavits are insufficient to establish the existence of a fact. *See Coastal Transport Co. v. Crown Cent. Petroleum Corp.*, 136 S.W.3d 227, 232 (Tex.

–10–

1990) (opinion testimony that is conclusory or speculative is not relevant evidence because it does not tend to make the existence of a material fact more probable or less probable); *Ryland Group, Inc. v. Hood*, 924 S.W.2d 120, 122 (Tex. 1996) (per curiam); *James L. Gang & Assoc., Inc. v. Abbot Labs., Inc.*, 198 S.W.3d 434, 442 (Tex. App.—Dallas 2006, no pet.). Likewise, an affiant's belief about facts is legally insufficient evidence. *See, e.g., Ryland Group*, 924 S.W.2d at 122.

The trial court sustained Tola's objection that Mazaheri's statement, "I also believe that Tola's statement that he consulted with other doctors is false," is an expression of belief and not competent affidavit testimony. Indeed, Mazaheri's affidavit provides no basis for any personal knowledge regarding whether Tola consulted any other doctors. *See, e.g., Ryland Group*, 924 S.W.2d at 122; *Soodeen v. Rychel*, 802 S.W.2d 361, 363 (Tex. App.—Houston [1st Dist.] 1990, writ denied) (affidavit stating "understanding" of who was in vehicle and "belief" about who was driving vehicle insufficient to establish personal knowledge). Mazaheri nevertheless contends his statement is an expert opinion and, therefore, may be based on his "best knowledge and belief." An expert witness may testify regarding "scientific, technical, or other specialized" matters, but only if the expert is qualified and the expert's opinion is relevant and based on a reliable foundation. TEX. R. EVID. 702; *see Mack Trucks v. Tamez*, 206 S.W.3d 572, 578 (Tex. 2006). Thus, a party offering an expert opinion must prove the expert's qualifications and an expert's opinion affidavit must articulate the underlying factual basis for the expert's conclusions. *See Ryland Group*, 924 S.W.2d at 122; *Broders v. Heise*, 924 S.W.2d 148, 151–52 (Tex. 1996). However, Mazaheri does not show how his status as a physician rendered him qualified to offer any expert testimony regarding whether Tola had consulted other doctors or that his belief was based on any underlying factual basis.

Tola also objected to an affidavit by Mazaheri's attorney regarding a "coordinated social media attack of false posts against a group of eye surgeons including Mazaheri" as irrelevant

–11–

because it did not address the allegations in Mazaheri's petition or the allegedly defamatory statements by Tola. Mazaheri asserts the affidavit was responsive to reviews by other Mazaheri patients attached to Tola's motion to dismiss. The affidavit, however, does not address Tola's online reviews or explain how it is factually connected or relevant to resolving Tola's motion to dismiss. Indeed, at the hearing on the motion to dismiss, Mazaheri agreed with the trial court that reviews by patients other than Tola were not relevant to the TCPA determination.

After reviewing the record, we cannot conclude the trial court abused its discretion in sustaining Tola's objections and striking the objected-to portions of these affidavits. We overrule Mazaheri's second issue.

### ATTORNEY'S FEES, SANCTIONS

In his fourth and sixth issues, Mazaheri contends that, because the trial court erred in granting the motion to dismiss, it also was error to award attorney's fees and sanctions to Tola and, instead, the trial court should have granted Mazaheri's motion to recover attorney's fees because the motion to dismiss was frivolous and solely intended to delay the litigation. The TCPA mandates an award of attorney's fees and costs and allows an award of sanctions for the successful movant. *See* CIV. PRAC. & REM. § 27.009(a). It also authorizes an award of attorney's fees and costs to the nonmovant, but only on a showing that the motion to dismiss "is frivolous or solely intended to delay." *See id.* § 27.009(b). As discussed above, we have concluded that Tola was entitled to dismissal of Mazaheri's claims against him under the TCPA. Accordingly, the trial court did not abuse its discretion in awarding attorney's fees, costs, and sanctions to Tola and denying Mazaheri's request for fees. We overrule Mazaheri's fourth and sixth issues.

Relying on TCPA section 27.005(a), Mazaheri contends in his third issue the trial court nevertheless erred in granting Tola's motion for attorney's fees because the motion was untimely, Tola did not present evidence on attorney's fees at the hearing on his motion to dismiss, and the

trial court did not enter its order awarding Tola attorney's fees and sanctions within thirty days following the hearing.  Section 27.005(a) requires a trial court to rule on a motion to dismiss "not later than the 30th day following the date of the hearing on the motion."  CIV. PRAC. & REM. § 27.005.  Section 27.005 requires only that the trial court determine whether the cause of action should be dismissed; it does not require the trial court to resolve issues relating to the statutorily-required attorney's fees and sanctions within thirty days of the dismissal hearing.  *Pope-Nixon v. Howard*, 05-18-01215-CV, 2019 WL 911745, at *1–2 (Tex. App.—Dallas Feb. 25, 2019, no pet.) (mem. op.); *DeAngelis v. Protective Parents Coalition*, 556 S.W.3d 836, 859 (Tex. App.—Fort Worth 2018, no pet.); *Leniek v. Evolution Well Servs., LLC*, No. 14-18-00954-CV, 2019 WL 438825, at *2 (Tex. App.—Houston [14th Dist.] Apr. 2, 2019, no pet.) (mem. op.) (per curiam). Accordingly, the trial court did not err in considering and ruling on Tola's motions for attorney's fees more than thirty days after the hearing on the motion to dismiss.  *See, e.g., DeAngelis*, 556 S.W.3d at 859—60.  We overrule Mazaheri's third issue.

We affirm the trial court's orders dismissing Mazaheri's defamation and defamation *per se* claims and awarding Tola attorney's fees, expenses, and sanctions.


/Ada Brown/
ADA BROWN
JUSTICE


181367F.P05

–13–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

MEHRDAD MAZAHERI, M.D., D/B/A
THE LASIK CENTER, Appellant

No. 05-18-01367-CV          V.

AHMAD RAZA TOLA, Appellee

On Appeal from the 116th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-18-03577.
Opinion delivered by Justice Brown;
Justices Bridges and Nowell participating.

In accordance with this Court's opinion of this date, the trial court's Order Granting Defendant's Motion to Dismiss Pursuant to Chapter 27 of the Texas Civil Practice and Remedies Code and Order Pursuant to Chapter 27 of the Texas Civil Practice and Remedies Code are **AFFIRMED**.

It is **ORDERED** that appellee AHMAD RAZA TOLA recover his costs of this appeal from appellant MEHRDAD MAZAHERI, M.D., D/B/A THE LASIK CENTER.

Judgment entered this 31st day of July, 2019.