**Affirmed and Memorandum Opinion filed September 30, 2021.**



**In The**

# Fourteenth Court of Appeals

## NO. 14-19-01017-CV

### DAVID DWORACZYK AND MELINDA MORGAN, AS REPRESENTATIVES OF THE ESTATE OF EMERICK DWORACZYK, Appellants

**V.**

### TOBY JONES, Appellee

**On Appeal from the 155th District Court
Austin County, Texas
Trial Court Cause No. 2018V-0112-A**

## MEMORANDUM OPINION

In two issues, appellants David Dworaczyk and Melinda Morgan, as representatives of the Estate of Emerick Dworaczyk, challenge the trial court's grant of summary judgment on their claim for negligent entrustment of a firearm against appellee Toby Jones. Because Toby Jones conclusively established on this record that he did not entrust a firearm to his son John Jones, we affirm.

Toby and John lived together. While Toby was at work one day, Emerick Dworaczyk went to the house. Emerick and John then got into an argument. During the argument, John retrieved a handgun from Toby's bedroom and fatally shot Emerick. Emerick and John were both adults in their mid-twenties.

Emerick's parents, David Dworaczyk and Melinda Morgan, as representatives of Emerick's estate, sued Toby and John, bringing wrongful death claims against Toby based on negligence theories of negligent entrustment of a firearm, negligent storage of a firearm, and premises liability. Toby filed a traditional motion for summary judgment, which the trial court granted. The trial court then severed all claims against Toby, dismissed those claims with prejudice, and rendered final judgment in favor of Toby.

On appeal, David and Melinda challenge the trial court's summary judgment as to their negligent entrustment of a firearm claim against Toby, asserting that (1) Texas recognizes a claim for negligent entrustment of a firearm, and (2) the general rule that parents do not have a duty to control their adult children does not negate a claim for negligent entrustment.[1] Toby contends that we do not need to decide either of these issues because even if David and Melinda are correct, Toby conclusively established that he did not entrust his handgun to John.

We review summary judgments de novo. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We review the evidence presented in the motion and response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *Id.* The party moving for traditional

---

[1] David and Melinda do not challenge the trial court's judgment on appeal as to the other negligence claims they brought against Toby.

summary judgment bears the burden of showing no genuine issue of material fact exists and he is entitled to judgment as a matter of law. *Id*. (citing Tex. R. Civ, P, 166(a)(c)). The evidence raises a genuine issue of fact if reasonable and fair-minded jurors could differ in their conclusions in light of all of the summary judgment evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007). Summary judgment for a defendant is proper only when the defendant negates at least one element of each of the plaintiff's theories of recovery or pleads and conclusively establishes each element of an affirmative defense. *Hilburn v. Storage Tr. Props., LP*, 586 S.W.3d 501, 506 (Tex. App.—Houston [14th Dist.] 2019, no pet.).

Recently, the Texas Supreme Court noted that Texas law on negligent entrustment developed in the context of entrustment of automobiles, but it has been applied "to other types of property as well, including firearms." *In re Acad., Ltd.*, 625 S.W.3d 19, 30 (Tex. 2021) (collecting cases). The elements of negligent entrustment are (1) the owner entrusted the property (chattel) (2) to a person who was an incompetent or a reckless user of the property, (3) the owner knew or should have known the person was incompetent or reckless, (4) the person to whom the property was entrusted was negligent, and (5) and the person's negligence proximately caused the accident and the plaintiff's injuries. *4Front Engineered Sols., Inc. v. Rosales*, 505 S.W.3d 905, 909 (Tex. 2016); *see also Prather v. Brandt*, 981 S.W.2d 801, 806 (Tex. App.—Houston [1st Dist.] 1998, pet. denied) (evaluating evidence supporting claim for negligent entrustment of a firearm); *cf. Annab v. Harris Cty.*, 524 S.W.3d 793, 801 (Tex. App.—Houston [14th Dist.] 2017) ("An element of a negligent entrustment [of a firearm] claim is entrustment of the chattel by the owner."), *aff'd in part, rev'd in part on other grounds*, 547 S.W.3d 609 (Tex. 2018).

If Toby conclusively proved that he did not entrust his handgun to John, he was entitled to a take-nothing summary judgment on the negligent entrustment claim. *See Soodeen v. Rychel*, 802 S.W.2d 361, 362-63 (Tex. App.—Houston [1st Dist.] 1990, writ denied). To prove entrustment, a plaintiff must show that the owner gave the user permission to use the property. *Id*. at 363. Permission can be express or implied. *Russell v. Ramirez*, 949 S.W.2d 480, 489 (Tex. App.—Houston [14th Dist.] 1997, no writ). Express permission is affirmatively stated, while implied permission may be inferred from conduct between the parties in which there is acquiescence or lack of objection signifying consent. *Id*. Entrustment thus may be demonstrated by either direct or circumstantial evidence and does not require an admission from the defendant. *Gonzalez v. Villafana*, No. 14-15-00328-CV, 2016 WL 3965148, at *3 (Tex. App.—Houston [14th Dist.] July 21, 2016, no pet.) (mem. op.). But with regard to circumstantial evidence, "[i]t is not enough that the facts raise a mere surmise or suspicion of the existence of the fact or permit a purely speculative conclusion." *Soodeen*, 802 S.W.2d at 363; *see also Gonzalez*, 2016 WL 3965148, at *3.

Toby supported his summary judgment motion with a declaration and deposition testimony. He admitted in his declaration that he owned the handgun John used to shoot Emerick. Toby kept the gun in his bedroom in or near his bed "so as to have quick access to the weapon in the event of a break in during the night." He said that he did not authorize John to use the gun on the day of the shooting. On that day, Toby said he left the house for work around 5:30 a.m. He did not know Emerick would be coming over and had no memory of having met Emerick. Toby was not present when the shooting occurred.

During his deposition, Toby similarly testified that he generally kept the gun under his pillow to have quick access to it "if somebody might break in at the

4

middle of the night." He admitted the gun was easily accessible. He conceded, "You can go to the extent to say that if I never bought the gun it wouldn't have happened also." But he also explicitly testified that John was not authorized to use the gun on the day of the shooting.

David and Melinda argue there are fact questions on entrustment because Toby admitted that he left his "unlocked gun in the home he shared with [John]" and that if he "had never bought the gun it wouldn't have happened." But access to the gun is not enough to establish entrustment. *See, e.g.*, *Gonzalez*, 2016 WL 3965148, at *2-3 (holding permission to use vehicle was not implied by key left in ignition); *Soodeen*, 802 S.W.2d at 363-64 (holding permission was not implied when driver found spare key hidden in glove compartment). David and Melinda were required to present some evidence that Toby expressly or impliedly allowed John to use the gun.

Toby testified that he left the gun in his own bedroom either under his bed or in the sheets. It was not in plain sight, even though it was easily accessible. Toby said he did not know John planned to use the gun on the day of the incident, did not know that Emerick went to the house, and was not present when the shooting occurred. There is no evidence on this record that John had ever used Toby's gun prior to the shooting, and there is no conflicting testimony or other evidence on the issue of entrustment. Leaving his gun in his bedroom, without more, does not mean that Toby impliedly consented to John using it. *See Gonzalez*, 2016 WL 3965148, at *3; *see also Soodeen*, 802 S.W.2d at 364 ("The mere existence of a hidden key in an automobile does not constitute unspoken or implied consent that either friends or strangers have permission to use it."). David and Melinda provided no more than a surmise or suspicion from which to infer that Toby gave John permission to use the gun. *See Gonzalez*, 2016 WL 3965148, at *3.

On this record, we cannot say that the trial court erred in granting Toby's traditional motion for summary judgment. Presuming that Texas recognizes a cause of action for negligent entrustment of a firearm, which the supreme court has implicitly recognized, David and Melinda have not demonstrated negligent entrustment on these facts. *See Prather*, 981 S.W.2d at 806 (holding that plaintiff did not prove all elements required to establish negligent entrustment of a firearm). We similarly need not decide on this record whether the general rule that parents do not have a duty to control their adult children negates a claim for negligent entrustment.

We affirm the judgment of the trial court.


/s/     Frances Bourliot
         Justice


Panel consists of Justices Bourliot, Zimmerer, and Spain.

6